57631. FARLEY v. CONTINENTAL INSURANCE COMPANY.
57632. FARLEY v. TRAVELERS INDEMNITY COMPANY.
57633. FARLEY v. TRANSPORT INDEMNITY COMPANY.

DEEN, Chief Judge.

The appellant was injured when his vehicle was struck by a truck belonging to Wood Trucking Company, a motor carrier operating under a Class B certificate of use and convenience granted it by the Georgia Public Service Commission. In lieu of the bond otherwise required in such cases, which is expressly stated to be for the benefit of the public, the commission may allow the certificate owner to substitute an insurance policy "which policy must substantially conform to all of the provisions relating to bonds and must likewise be approved by the

commission." Code § 68-509.

The sole question for decision is whether the action against the insurance companies sounds in tort or contract. The original tort action was filed by Farley against Wood Trucking Company for personal injuries within the two-year tort statute for limitation of actions. The insurance companies were attempted to be joined as party defendants slightly more than two years (but of course less than six years) from the date of the collision. They all pleaded that the action against them was barred by the statute of limitation, and the trial judge granted a motion of each for judgment on the pleadings.

We reverse. The joinder of an insurer approved by the Georgia Public Service Commission in lieu of a bond is an action sui generis which proceeds on the theory that the policy, like the bond, is for the benefit of the public, and an injured plaintiff who seeks recovery of damages out of the policy amount is a sort of third party beneficiary of the contract between the carrier and the insurer. In its original form (and at a time when there were strict rules of pleading forbidding the joinder of a cause of action sounding in tort with one sounding in contract) it was held that the intendment of Ga. L. 1931, Extra Session, pp. 99, 105 (now Code § 68-509) was that the policy "shall be substantially like the bond in that such policy of insurance 'shall be for the benefit of and subject to suit or action thereon by any person who shall sustain actionable injury or loss protected thereby.' This being true, the policy of insurance is not one of indemnity against loss as that term is generally understood, but is a direct and primary obligation to any person who shall sustain actionable injury or loss by reason of the negligence of the insured in the operation of his motor vehicles insured under the policy. The sustaining of *actionable injury* is, under the statute, the only condition precedent to a suit on the policy." *Great American Indem. Co. v. Vickers,* 183 Ga. 233, 236 (188 SE 24) (1936). This case then continues: "The cause of action is not on the tort; but on the contract by alleging the occurrence of the condition precedent required by the statute, which statute is an integral part of the contract of insurance" and then analogizes the suit to one against a surety on an obligation of the principal:

"[T]he substance and not the form of the contract is the material factor in determining the right to sue directly..." It was further held in *Russell v. Burroughs,* 183 Ga. 361 (188 SE 451) (1936) that under the pleading rules then obtaining a plaintiff could not bring a joint action against a motor common carrier and its insurer for damages because this impermissibly joined an action in tort against the carrier with an action in contract against the insurer. Apparently due to this decision, Ga. L. 1937, pp. 727, 728 added to Code § 68-509 the following: "It shall be permissible under this section for any person having a cause of action arising hereunder in tort or contract to join in the same suit the motor carrier and its surety, in the event a bond is given. If a policy of indemnity insurance is given in lieu of bond it shall be permissible to join the motor carrier and the insurance carrier in the same action whether arising in tort or contract." This, then, allowed the joinder of a tort action against the carrier with a contract action against its insurer-in-lieu-of-bond. The only condition precedent to the joinder of the latter was that there be a viable action against the former. This is illustrated by *Addington v. Ohio Southern Exp., Inc.,* 118 Ga. App. 770 (165 SE2d 658) (1968). There no action against either party was filed until more than two years had passed. That being so, no judgment could be obtained against the tortfeasor over its statute of limitation defense, and of course if the tortfeasor was not liable neither was its insurer.

This distinction was emphasized in *LaHatte v. Walton,* 53 Ga. App. 6 (184 SE 742) (1936) holding that the Act in question (Code § 68-509) did not have as its purpose protecting the insured from loss, but did have in mind the protection of the public against carrier-inflicted injuries. And in *Dishinger v. Suburban Coach Co.,* 84 Ga. App. 498, 508 (66 SE2d 242) (1951) it is specifically reiterated that "the liability . . . against the insurance carrier is ex contractu and the liability . . . against [the insured] is ex delicto." The insurer and the carrier are neither joint tortfeasors nor joint contractors. *Bolin v. Pennsylvania Threshermen &c. Co.,* 92 Ga. App. 726 (89 SE2d 831) (1955).

Lastly, that the Public Service Commission itself so

interprets the law is indicated by its Rule 26, which allows suit to judgment against a negligent carrier, after which, if there is an insurer and the insurer fails to pay off the judgment, suit may then be brought directly against it. This is most obviously an action which would have occurred more than two years after the original injury.

We have been directed by the appellees to *Vaughn v. Collum,* 236 Ga. 582 (224 SE2d 416) (1976) and *Wilkinson v. Vigilant Ins. Co.,* 236 Ga. 456 (224 SE2d 167) (1976), two cases dealing with the status of insurers in uninsured motorist insurance cases, the latter of which holds that the insurer is an interested party and should be served within the time allowed by law for service upon the defendant. The scheme of indemnity for uninsured motorist insurance is very different from the bond or surety principles applicable to common or contract carriers. Code § 56-407.1 (d) stipulates that a copy of the complaint be served on the insurance company "as though such insurance company were actually named as a party defendant" and, if a John Doe suit, the insurer then has an election in filing defensive pleadings either in its own name or in that of Doe. Thus the structure of the Uninsured Motorist Act is to offer the insurer as a substitute defendant, whereas the structure of the Motor Carrier Act is to offer the insurer as a substitute surety bond, action against which is based on its contract with the carrier for the protection of the public as a third party beneficiary.

It was error to sustain the statute of limitation defenses of these insurers.

*Judgments reversed. McMurray, P. J., and Birdsong, J., concur. Shulman, J., not participating.*

ARGUED APRIL 11, 1979 — DECIDED JUNE 5, 1979 — REHEARING DENIED JUNE 22, 1979 IN CASE No. 57631 —

*Schuder & Hartness, Edward L. Hartness,* for appellant.

*Joseph H. Davis, Savell, Williams, Cox & Angel, Edward L. Savell, Elmer L. Nash, Michael J. Goldman,*

for appellees.