## 41958. WESTPORT TRUCKING COMPANY v. GRIFFIN et al.
### (329 SE2d 487)

HILL, Chief Justice.

This case raises the question whether a motorist injured in a collision with a truck operated by a motor contract carrier engaged solely in interstate commerce may join the motor carrier's liability insurer in the motorist's suit for personal injuries.[1] Thus, the question concerns the extent of federal preemption of the regulation of inter-

---

[1] The law is clear that such a motorist may join a motor carrier engaged in *intrastate*

state trucking.

Plaintiff Charles E. Griffin sued Westport Trucking Company, a motor contract carrier from Kansas City, Kansas, for injuries he received in a collision in Lowndes County, Georgia, involving the pickup truck in which Griffin was traveling and a Westport tractor-trailer truck. The trial court found as a fact, and it is undisputed, that the Westport truck was engaged solely in interstate commerce. When Griffin sought to add Fireman's Fund Insurance Co., Westport's liability carrier, as a defendant in his suit, the insurance company objected on the ground that Westport was not an *intrastate* carrier which could be joined in a direct action under OCGA § 46-7-58 (e). The trial court nevertheless allowed the amendment, and we granted Westport's application for an interlocutory appeal upon certiorari after its denial by the Court of Appeals.

Chapter 7 of Title 46 applies to motor carriers. Article 2 of that chapter applies to motor contract carriers. OCGA § 47-7-50. Motor contract carriers engaged solely in interstate commerce are required to secure a registration permit from the Georgia Public Service Commission,[2] obtain an annual registration and identification stamp for each vehicle operated on the public highways of this state (except as an emergency, temporary or trip-lease vehicle), and "Give the bond or indemnity insurance prescribed by this article, omitting the protection in respect to their own passengers and cargoes." OCGA § 46-7-61 (a); see also OCGA § 46-7-76.[3] The Commission is authorized to fix the amount of such bond, which shall be subject to action thereon by any person who sustains actionable injury, or the Commission may accept a policy of indemnity insurance which must substantially conform to the provisions relating to bonds. OCGA § 46-7-58 (b) (c).[4]

Actions against resident or nonresident carriers for damages for any breach of duty, contractual or otherwise, may be brought in the county where the cause of action arose. OCGA § 46-7-62 (b).

OCGA § 46-7-58 (e), supra, provides: "It shall be permissible *under this article* for any person having a cause of action arising under this article in tort or contract to join in the same action the motor carrier and its surety, in the event a bond is given. If a policy

---

commerce and its liability insurer, whether the carrier be a common carrier or contract carrier. OCGA §§ 46-7-12 (e), 46-7-58 (e); see *Farley v. Continental Ins. Co.*, 150 Ga. App. 389 (258 SE2d 8) (1979).

[2] This requirement has been upheld, see *Johnson Transfer &c. Lines v. Perry*, 47 F2d 900, 902 (N.D. Ga. 1931), and Westport has a registration permit.

[3] OCGA § 46-7-76 provides that OCGA §§ 46-7-59 and 46-7-63 through 46-7-66 do not apply to carriers engaged exclusively in interstate commerce. None of these Code sections are involved in this case.

[4] Although OCGA § 46-7-58 (c), supra, refers to the holder of a certificate (of public convenience and necessity), we read it to include holders of registration permits who elect to procure insurance in lieu of bond.

of indemnity insurance is given in lieu of bond, *it shall be permissible to join the motor carrier and the insurance carrier in the same action*, whether arising in tort or contract." (Emphasis supplied.) From the foregoing it can be seen that OCGA § 46-7-58 (e), supra, is applicable to interstate as well as intrastate carriers. Westport argues, nevertheless, that insofar as the statute is applicable to carriers engaged solely in interstate commerce, it is unconstitutional under the Commerce Clause as a burden on interstate commerce. U. S. Const., Art. I, Sec. 8 (3). See *Northern Pacific R. Co. v. Washington*, 222 U. S. 370, 377 (32 SC 160, 56 LE 237) (1912).

In support of its contention, Westport cites 49 USCA § 10927 of the Motor Carrier Act of the United States of 1980 (Pub. L. 95-473 (Oct. 17, 1978)) which requires motor carriers and freight forwarders to file with the Interstate Commerce Commission bonds, insurance policies or other security, sufficient to pay "for each final judgment" against the carrier or freight forwarder for bodily injury to or death of an individual as a result of negligence.[5] This provision apparently would allow an action for injuries to a member of the public against a trucking company's insurance carrier only where there is already a final judgment against the insured. Westport thus concludes that direct action against its insurer as allowed by the Georgia statute conflicts with the federal law and is unconstitutional. U. S. Const., Art. VI, Sec. II.

Although our state courts have never squarely faced this issue, the law in this area is well settled. It was recently summarized in *Watkins v. H. O. Croley Granary*, 555 FSupp. 458 (N.D. Ga. 1982), as follows: (1) Georgia law is preempted by federal law when the suit involves a passenger or property being transported in interstate commerce, 555 FSupp. at 460;[6] (2) Georgia law is not preempted by federal law when a member of the public (i.e., a person other than a passenger or property owner whose property is being transported in interstate commerce) sues a carrier that has qualified to conduct both inter- and intrastate commerce in Georgia, 555 FSupp. at 460;[7] (3) Georgia law is not preempted by federal law when such member of the public sues a carrier engaged solely in interstate commerce, 555 FSupp. at 460-461. The latter proposition was the holding of the court in *Watkins*, supra.[8] We find the authorities cited in *Watkins* and the reasoning of Judge Murphy to be the proper interpretation of

---

[5] Former section 49 USCA § 315, though worded differently, provided similarly.

[6] *Grier v. Tri-State Transit Co.*, 36 FSupp..26 (W.D. La. 1940), relied on by Westport, is inapposite as it involved an interstate passenger.

[7] This rule applies even though the carrier is engaged in interstate commerce at the time of the accident. *Acme Freight Lines v. Blackmon*, 131 F2d 62 (5th Cir. 1942).

[8] See also *Kimberly v. Bankers &c. Ins. Co.*, 490 FSupp. 93 (N.D. Ga. 1980).

this federal preemption issue. In short, although state law is preempted insofar as it might seek to protect interstate passengers and property being transported in interstate commerce (which Georgia law excludes, OCGA § 46-7-61 (a), supra), Georgia's interest in protecting the public in using its highways is not preempted by federal law.

The trial court therefore did not err in allowing the joinder of the motor carrier's insurer.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 10, 1985 —
REHEARING DENIED MAY 21, 1985.

*Young, Young & Clyatt, Robert M. Clyatt, William A. Turner, Jr.,* for appellant.
*Kirbo & McCalley, Thomas L. Kirbo III,* for appellees.