A89A0927. NATIONAL INDEMNITY COMPANY v. TATUM.
(388 SE2d 896)

CARLEY, Chief Judge.

On May 1, 1986, appellee-plaintiff was injured as the result of a collision between his vehicle and a truck insured by appellant-defendant. Appellee filed suit against the driver and owner of the truck and, asserting the right to bring a direct pre-judgment action pursuant to OCGA § 46-7-12, he joined appellant as a defendant in the suit. Appellant subsequently moved for summary judgment. In support of its motion, appellant produced uncontradicted evidence that the truck it insured was engaged exclusively in the transportation of potting soil. Based upon this uncontradicted evidence, appellant urged that the truck was not a "motor common carrier" and that OCGA § 46-7-12 (e) did not, therefore, authorize its joinder as a defendant in appellee's suit against its insured. The trial court denied appellant's motion but certified its order for immediate review. Appellant's application for an interlocutory appeal from the trial court's order was granted.

OCGA § 46-7-12 (e) provides: "It shall be permissible under this article for any person having *a cause of action arising under this article* in tort or contract to join in the same action the motor carrier and its surety, in the event a bond is given. If a policy of indemnity insurance is given in lieu of bond, it shall be permissible to join the motor carrier and the insurance carrier in the same action, whether arising in tort or contract." (Emphasis supplied.) The "article" of the Code to which OCGA § 46-7-12 (e) refers is entitled "Motor Common

Carriers." Under the provisions of that article, "motor common carriers" are made subject to general regulation by the Public Service Commission (Commission). OCGA § 46-7-2. To that end, "motor common carriers" must obtain a certificate of public convenience and necessity (certificate) from the Commission. OCGA § 46-7-3. Such a certificate shall not be issued unless a "motor common carrier" has filed an approved bond or policy of insurance with the Commission or, in the alternative, has secured the Commission's approval to act as a self-insurer. OCGA § 46-7-12 (a), (b), (c), and (d).

OCGA § 46-1-1 (7) (C) (xi), formerly codified as OCGA § 46-1-1 (12) (C) (xi), provides, in relevant part, that, "[e]xcept as otherwise provided in this subparagraph, the term 'motor common carrier . . .' shall not include: Motor vehicles engaged [exclusively] in the transportation of . . . potting soil . . . *except* that any operator of such a vehicle is required to register the exempt operation with the [C]ommission, register and identify any of its vehicles, and *become subject to the [C]ommission's liability insurance . . . rules*." (Emphasis supplied.) Thus, the owner of the truck that appellant insured was not a "motor common carrier" otherwise required to secure a certificate after filing an approved policy of insurance with the Commission. Pursuant to OCGA § 46-1-1 (7) (C) (xi), appellant's insured was required only to register his exempt operation and vehicle with the Commission and to become subject to the Commission's administrative rules regarding liability insurance. Therefore, the contention is that appellee's collision with the insured truck gave rise to no cause of action under the "Motor Common Carrier" article of the Code, and that appellant accordingly is not an insurer of a "motor common carrier" so as to be subject to the direct pre-judgment action authorized by OCGA § 46-7-12 (e).

There is a fundamental and decisive distinction between the unequivocal creation of a statutory direct pre-judgment cause of action against the insurer issuing an approved policy of insurance to a "motor common carrier" and a mere statutory directive that one who is not otherwise a "motor common carrier" shall nevertheless be subject to the Commission's administrative rules on liability insurance. A direct pre-judgment cause of action against an insurer is created by the statutory provisions of OCGA § 46-7-12, not by the Commission's administrative rules regarding liability insurance. OCGA § 46-7-12 contemplates the existence of a cause of action against a "motor common carrier." That appellant's otherwise exempt insured was merely made subject to the Commission's rules on liability insurance does not equate to the statutory status of a "motor common carrier." The obvious legislative intent of OCGA § 46-1-1 (7) (C) (xi) is to exempt appellant's insured from the definition of "motor common carrier" and to impose certain requirements upon appellant's insured in his

non-"motor common carrier" capacity. It was not the intent of that statute to confer "motor common carrier" status so as to subject appellant to the direct pre-judgment action authorized by OCGA § 46-7-12.

Former OCGA § 46-7-16 (a) (3) also provided, in relevant part, that "[e]xcept as otherwise provided in this Code section, before . . . any motor common carrier *engaged in exempt commodity intrastate commerce as provided for in subparagraph (C) of paragraph [(7)] of Code Section 46-1-1* shall operate any motor vehicle on or over any public highway of this state, it shall first: . . . *"Give the bond or indemnity insurance prescribed by this article,* omitting the protection in respect to their own passengers and cargoes." (Emphasis supplied.) Ga. L. 1986, pp. 1283, 1301-1302. Although this former Code section was subsequently amended in 1988 so as to repeal its applicability to otherwise exempt carriers, it was in effect at the time of the occurrence of the collision that is at issue in the present case and, thus, must be considered in connection with this appeal. Again, however, there is a fundamental and decisive distinction between the unequivocal creation of a statutory direct pre-judgment cause of action against the insurer issuing an approved policy of insurance to a "motor common carrier" and a mere statutory directive that one who is not otherwise to be considered a "motor common carrier" shall nevertheless give the same bond or indemnity insurance that is prescribed in the "motor common carrier" article. As noted previously, the direct pre-judgment cause of action against an insurer that is created by OCGA § 46-7-12 contemplates the existence of a cause of action against a "motor common carrier." That appellant's otherwise exempt insured was merely required to give the bond or indemnity insurance that is required of a "motor common carrier" does not equate to the statutory status of a "motor common carrier." The obvious legislative intent of former OCGA § 46-7-16 (a) (3) was merely to impose the requirement of giving bond or indemnity insurance upon appellant's insured in his non-"motor common carrier" capacity. That statute did not confer "motor common carrier" status upon appellant's insured so as to subject appellant to the direct pre-judgment action authorized by OCGA § 46-7-12. The decision in *Westport Trucking Co. v. Griffin*, 254 Ga. 361 (329 SE2d 487) (1985) is not authority to the contrary. That case did not concern a direct pre-judgment action against the insurer of a carrier otherwise exempt from "motor common carrier" status.

OCGA § 46-7-12 is in derogation of the common law and must be strictly construed. See *Glenn McClendon Trucking Co. v. Williams*, 183 Ga. App. 508, 509 (1) (359 SE2d 351) (1987). If the legislature had intended that a direct pre-judgment cause of action lie against the insurers of those carriers otherwise exempt from "motor common car-

rier" status, it could have enacted legislation to that end. Instead, it exempted certain carriers from the definition of "motor common carrier," and then imposed certain requirements upon those carriers in their non-"motor common carrier" capacity. It is undisputed that appellant's insured is exempt from "motor common carrier" status. It follows that appellee has no cause of action arising under the "Motor Common Carrier" article and that appellant is not subject to a direct pre-judgment action pursuant to OCGA § 46-7-12. The trial court erroneously denied appellant's motion for summary judgment.

*Judgment reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 28, 1989.

*Dennis, Corry, Porter, Thornton & McGlamry, Robert E. Corry, Jr., R. Clay Porter, Grant B. Smith,* for appellant.

*Lokey & Bowden, Malcolm Smith, Gilbert & Montlick, Fred A. Gilbert,* for appellee.