*James O. Wilson, Jr.*, for appellee.

A89A1435. BAILEY v. OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA.
(388 SE2d 899)

CARLEY, Chief Judge.

On May 22, 1986, appellant-plaintiff's wife was killed in a collision between her vehicle and a truck insured by appellee-defendant. Appellant filed suit against the driver and owner of the truck and, asserting the right to bring a direct pre-judgment action pursuant to OCGA § 46-7-12 (e), he joined appellee as a defendant in the action. Appellee subsequently moved for summary judgment. In support of its motion, appellee produced uncontradicted evidence that the truck which it insured was engaged exclusively in the transportation of gravel, crushed stone, plant mix road material or road base materials. Based upon this uncontradicted evidence, appellee urged that the truck was not a "motor common carrier" and that OCGA § 46-7-12 (e) did not, therefore, afford appellant the right to join it as a defendant in the suit against its insured. The trial court granted appellee's motion for summary judgment and appellant appeals.

The effect of the exemption of appellee's insured from the definition of "motor common carrier" contained in OCGA § 46-1-1 (7) (C)

(xiv), formerly codified as OCGA § 46-1-1 (12) (C) (xiv), is that the collision with the truck gives appellant no cause of action arising under the "Motor Common Carrier" article of the Code, and that appellee accordingly cannot be considered an insurer subject to the direct pre-judgment action provisions of OCGA § 46-7-12 (e) contained in that article. See *National Indem. Co. v. Tatum*, 193 Ga. App. 698 (___ SE2d ___) (1989). The trial court correctly granted summary judgment in favor of appellee.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concurs.*

DECIDED NOVEMBER 28, 1989.

*Lokey & Bowden, Malcolm Smith, G. Melton Mobley*, for appellant.

*Dennis, Corry, Porter & Thornton, R. Clay Porter, Robert E. Corry, Jr., Grant B. Smith*, for appellee.