A90A1474. NATIONAL UNION FIRE INSURANCE COMPANY v. MARTY.
(399 SE2d 260)

POPE, Judge.

Plaintiff/appellee was injured in a collision involving a motor common carrier. The collision occurred in Ocala, Florida. Plaintiff filed suit in the State Court of Fulton County against the driver of the truck, a Georgia resident, the owner of the truck, Wingate/Taylor Maid Transportation, Inc., a Delaware Corporation and its liability insurer, defendant/appellant National Union Fire Company. Plaintiff's action against National Union was premised on OCGA §§ 46-7-12 and 46-7-58, which provide for direct prejudgment actions against liability insurers of motor common carriers and motor contract carriers, respectively. National Union moved for summary judgment on the basis that OCGA §§ 46-7-12 and 46-7-58 do not authorize direct causes of action when the accident giving rise to the suit occurs outside the State of Georgia, as was the situation here. The trial court denied the motion for summary judgment and National Union appeals. We reverse.

Both provisions relied on here, OCGA §§ 46-7-12 (e); 46-7-58 (e), relating to motor common carriers and motor contract carriers respectively, provide as follows: "It shall be permissible under this article for any person having a cause of action arising under this article in tort or contract to join in the same action the motor carrier and its surety, in the event a bond is given. If a policy of indemnity insurance is given in lieu of bond, it shall be permissible to join the motor carrier and the insurance carrier in the same action, whether arising in tort or contract." Plaintiff argues, and the trial court held, that the plain and unambiguous language of these direct actions statutes authorizes joinder of the motor carrier's liability insurer in any suit, arising in tort or contract, whether the accident giving rise to the cause of action occurs on the highways of this state or the highways of any other state. For the reasons discussed more fully below, we disagree that such a broad interpretation is proper.

Although the provisions in question do not specifically restrict joinder to causes of action wherein the accident giving rise to the suit

occurred on a highway of this state, other language found in Chapter 7 of Title 46 makes it clear the provisions of that Chapter govern the regulation and registration of motor carriers vis-a-vis the public highways of this state. "Public highway" is defined under the act as "every public street, road, highway, or thoroughfare of any kind *in the state.*" OCGA §§ 46-7-1; 46-7-51. Pursuant to OCGA § 46-7-2 "[t]he commission is vested with power to regulate the business of any person engaged in the transportation as a common carrier of persons or property, either or both, for hire by motor vehicle *on any public highway of this state.*" (Emphasis supplied.) (As to contract carriers see OCGA § 46-7-52.) OCGA § 46-7-36 provides that "[w]hen a motor common carrier is engaged in both intrastate and interstate commerce, it shall be subject to all the provisions of this article so far as they separately relate *to commerce carried on in this state.*" Article 2 of Chapter 7, which governs motor contract carriers, "is intended to state the conditions and regulations under which motor carriers for hire other than common carriers are permitted to operate *over the highways of this state.*" (Emphasis supplied.) OCGA § 46-7-50.

Plaintiff, however, relies on cases wherein the state and federal courts of this state have held that Georgia's direct action provisions are applicable to interstate as well as intrastate carriers. Although the carriers in the cases cited by plaintiff were engaged in interstate commerce at the time of the accident giving rise to the cause of action, the dispositive factor in those cases was that in all of the cases cited the accidents occurred on Georgia highways. For example, in *Westport Trucking Co. v. Griffin*, 254 Ga. 361 (329 SE2d 487) (1985), the accident occurred in Lowndes County, Georgia. In finding joinder of the motor carrier's insurer appropriate the court in *Westport* specifically noted "Georgia's interest in protecting the public in using its highways. . . ." Id. at 364. In *Watkins v. Granary*, 555 FSupp. 458 (N.D. Ga. 1982) the accident in question occurred when the "truck ran [plaintiff] off a Georgia highway" (id. at 459) and the court noted "the . . . [state's] interest in protecting the claims of Georgia citizens who are injured on its highways. . . ." Id. at 461. Likewise, in *Acme Freight Lines v. Blackmon*, 131 F2d 62 (5th Cir. 1942) the court held that the joinder of the insurer was not error, "where, as here, persons are injured upon the highways of Georgia by the negligence of the carrier. . . ." Id. at 64. Thus, in our opinion, the cases cited by plaintiff provide no authority for the joinder of the insurer when the accident occurred outside the State of Georgia.

We also find instructive the holding of the court in *Rogers v. Atlantic Greyhound Corp.*, 50 FSupp. 662 (S.D. Ga. 1943). In *Rogers* the court addressed the question of whether an insurance carrier could be joined as a defendant with a motor carrier in a suit brought in Georgia by a passenger on an interstate journey for personal inju-

ries caused by the carrier's negligence in another state. In that case the court found that the joinder provisions of Georgia law were preempted by federal law regulating motor carriers, which did not allow joinder. The court noted, however, that provisions requiring motor carriers to provide insurance are not "an unreasonable burden on [interstate] commerce, *if limited to damages suffered within the state by persons other than the passenger.*" Id. at 664. Relying on this and similar language in *Rogers*, plaintiff argues the holding in that case is inapplicable to the facts at hand because plaintiff here was a member of the public and hence entitled to the protections afforded by the direct action statutes. We agree that "a different situation arises where local citizens, not passengers, are injured *on the highways of the state.*" Id. (Emphasis supplied.) However, such is not the situation in the case at bar inasmuch as plaintiff was injured on a Florida, not a Georgia, highway. "It will not be assumed . . . that the [legislature of this state] attempted to enact legislation having an extraterritorial effect." Id. We conclude therefore that under the circumstances of this case joinder of the motor carrier's insurer was not authorized by Georgia's direct action statutes. Consequently, the trial court erred in denying National Union's motion for summary judgment. See also *Commercial Union Ins. Co. v. Bradley Co.*, 186 Ga. App. 610 (1) (367 SE2d 820) (1988).

*Judgment reversed. Deen, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 19, 1990.

*Dennis, Corry, Porter & Thornton, R. Clay Porter, Linda L. Logan*, for appellant.
*B. Randall Blackwood*, for appellee.