A92A1339, A92A1340. LIBERTY MUTUAL INSURANCE COMPANY v. DEHART et al.; and vice versa.
(426 SE2d 592)

COOPER, Judge:

These cross-appeals are before us on interlocutory appeal from the trial court's denial of cross-motions for summary judgment. For convenience, we refer to the parties by their status in the first appeal filed.

Appellee's son, a citizen of Utah, was seriously injured in North Carolina when a vehicle in which he was a passenger collided with a tractor-trailer rig owned by a motor carrier allegedly insured by appellant. The motor carrier owning the rig and employing its driver was a Georgia corporation, and appellees alleged that the accident in North Carolina was caused in part by acts of negligence occurring in Georgia. At the time of the accident the motor carrier's insurance policy with appellant had expired, and the motor carrier had a policy with another insurance company. However, appellant had filed a form with the Georgia Public Service Commission (GPSC) notifying GPSC that appellant was insuring the motor carrier when the earlier policy was in effect and had not filed another form to notify GPSC when its coverage of the motor carrier was cancelled. Appellees sued the driver, the motor carrier, the insurance company with which the motor carrier had an insurance policy at the time of the accident and appellant. Appellant moved for summary judgment, appellees responded with their own motion for partial summary judgment on the issue of coverage, and both motions were denied.

1. In Case No. A92A1339, appellant first contends that the trial

court erred in denying its motion for summary judgment because OCGA § 46-7-58 (e), the statute on which appellees' cause of action against appellant is premised, does not apply to accidents occurring outside the State of Georgia. All motor carriers operating in the State of Georgia must carry liability insurance or an appropriate substitute, OCGA § 46-7-58 (a), and "[i]t shall be permissible . . . for any person having a cause of action arising . . . in tort or contract . . . to join the motor carrier and the insurance carrier in the same action . . . ," OCGA § 46-7-58 (e). Although OCGA § 46-7-58 gives an injured party a direct cause of action against the motor carrier's insurer, this court has interpreted the statute to provide that direct cause of action *only* where the accident causing the injury occurred inside the State of Georgia. *National Union Fire Ins. Co. v. Marty*, 197 Ga. App. 642 (399 SE2d 260) (1990). We agree with appellant that *Marty* controls this case. Appellees attempt to distinguish *Marty* on the grounds that they have alleged in this case that, although the accident occurred in North Carolina, it was caused in part by acts of negligence on the part of the motor carrier occurring in Georgia. However, this distinction is not relevant to an interpretation of OCGA § 46-7-58 because it does not address the primary purpose of that statute, which is compensation rather than prevention of negligence. " 'The primary purpose of requiring a bond, policy of insurance, or other security as a condition to the operation of public service motor vehicles for hire is for the protection of the public, *by assuring those who are injured,* in person or property, through the negligent operation of such vehicles, *compensation for the injuries or damages sustained.*' [Cit.]" (Emphasis supplied.) *Spicer v. American Home Assur. Co.*, 292 FSupp. 27, 30-31 (N.D. Ga. 1967), aff'd 402 F2d 988 (5th Cir. 1968). Moreover, the subsection giving plaintiffs a direct cause of action against the insurer and permitting joinder of the motor carrier and insurer in one action "enables injured persons to recover compensation more efficiently and quickly and encourages insurers to resolve legitimate claims by settlement." *Grissom v. Gleason*, 262 Ga. 374, 378 (418 SE2d 27) (1992). It is an actionable injury, not a negligent act or omission, which is the condition precedent for a direct action against the insurer under this statute. *Great American Indem. Co. v. Vickers*, 183 Ga. 233 (188 SE 24) (1936). Thus, even if underlying acts of negligence occur in Georgia, the purposes of the statute and the State's interest in ensuring and expediting compensation of injured parties are not implicated where the accident does not occur in the State. As noted in *Marty*, construing this subsection to apply to out-of-state accidents could raise federal preemption or burden-on-interstate-commerce concerns: " 'It will not be assumed . . . that the (legislature of this State) attempted to enact legislation having an extraterritorial effect.' [Cit.]" *Marty*, supra at 644.

Appellees argue that limiting the applicability of OCGA § 46-7-58 (e) to accidents occurring within the State is inconsistent with a rule promulgated by the GPSC, the commission charged with implementing and enforcing this chapter, which states: "No motor carrier . . . shall engage in intra-state or interstate or foreign commerce . . . unless and until there shall have been filed with and approved by the commission a . . . policy of insurance . . . conditioned to pay . . . *any final judgment recovered against such motor carrier for bodily injuries to or the death of any person resulting from the negligent operation, maintenance, or use of motor vehicles under such certificate or permit, or for loss or damage to property of others, occurring within the boundaries of the State of Georgia. . . .*" (Emphasis supplied.) Rule of GPSC 1-8-1-.01. According to appellees, the words "occurring within the boundaries of the State of Georgia" modify "negligent operation, maintenance, or use of motor vehicles," so the rule covers situations like this one where a plaintiff alleges that an out-of-state accident was caused in part by in-state negligent acts. Appellees' suggested interpretation of the rule ignores the presence of the intervening words "or for loss or damage to property." Because these words, which immediately precede the modifying language "occurring within the State of Georgia," are structurally and functionally parallel to the words "for bodily injuries to or the death of any person," it is more logical to conclude that "occurring within the State of Georgia" modifies the injuries, loss or damage rather than the negligent operation, maintenance or use of the motor vehicles. This conclusion is consistent with our interpretation of the statute in *Marty* as described above.

We are also not persuaded by appellees' contention that appellant waived its right to challenge appellees' reliance on OCGA § 46-7-58 (e) by failing to raise it as a plea in abatement in a motion to dismiss or in its answer. As *Marty* demonstrates, the applicability of this statutory provision is a question that goes to the merits of appellees' cause of action against appellant and is therefore a proper subject for a summary judgment motion. See also *Glenn McClendon Trucking Co. v. Williams*, 183 Ga. App. 508 (1) (359 SE2d 351) (1987) (OCGA § 46-7-12 and identical provisions of § 46-7-58 do not simply provide for exception to general rule against joinder of insurer but actually provide basis for independent cause of action against insurer). Accordingly, the trial court erred in denying appellant's motion for summary judgment.

2. In light of our disposition of appellant's first enumeration of error in Division 1, we need not address appellant's second argument that its coverage of the motor carrier was effectively cancelled at the time of the accident.

3. In Case No. A92A1340, appellees argue that their motion for

partial summary judgment should have been granted because OCGA § 46-7-12 (e) does apply to give them a cause of action against appellant and appellant's coverage of the motor carrier was still in effect at the time of the accident as a matter of law. Because we concluded in Division 1 that OCGA § 46-7-12 (e) does not apply and that appellant's motion for summary judgment should have been granted, denial of appellees' motion for partial summary judgment was proper.

*Judgment in Case No. A92A1339 reversed. Judgment in Case No. A92A1340 affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 23, 1992 —
RECONSIDERATION DENIED DECEMBER 17, 1992.

*Carter & Ansley, Ben Kingree III, A. Louise Tanner*, for appellant.

*Winburn, Lewis & Barrow, Gene M. Winburn, John J. Barrow*, for appellees.