A92A1693. JOHNSON et al. v. WOODARD et al.
(429 SE2d 701)

BIRDSONG, Presiding Judge.

Rick Woodard is a Georgia resident employed by Owens Truck Leasing, a Georgia corporation doing business as a common carrier. Within the scope of his employment, he was driving a tractor-trailer owned by Owens when he struck a vehicle driven by Laura Johnson, resulting in her death. The collision took place on I-85 in South Carolina while Laura Johnson was returning home to Georgia from college in South Carolina. Woodard had begun his trip in Georgia and was returning to Georgia after picking up cargo in South Carolina.

Laura Johnson's husband, Michael Johnson, instituted this wrongful death action against Owens and Woodard in the Fulton Superior Court. Alleging that at the time of the accident Woodard was under the influence of the opiate codeine which impaired his driving, Johnson is seeking actual damages for negligence, carelessness, and recklessness, as well as punitive damages for recklessness, wilfulness or malice.

Johnson named Owens' indemnity insurer, The Integral Com-

pany, as a party defendant on grounds that Owens is a motor common carrier which was issued a certificate of public convenience and necessity by the Georgia Public Service Commission (PSC), and it is therefore permissible to join Owens' insurance carrier in this tort action under Georgia's direct-action statute, OCGA § 46-7-12 (e). Johnson also asserted that joinder is proper in this state because South Carolina law also required Owens to have a certificate of public convenience and necessity, and South Carolina Code § 58-23-910 is a direct-action statute comparable to Georgia's.

The trial court granted Integral's motion to dismiss, for failure to state a claim against it, based on *National Union Fire Ins. Co. v. Marty*, 197 Ga. App. 642 (399 SE2d 260). Woodard and Owens also filed a motion to dismiss on various grounds, including improper venue, OCGA § 9-11-12 (b) (3). The court considered matters outside the pleadings, taking into account affidavits and depositions, and denied the motion in effect but transferred the case to another county upon finding that uncontested facts showed that Woodard was a resident of Jones and not Fulton County and Owens was a resident of Baldwin and not Fulton County.

The trial court's certificate of immediate review was expressly limited to the dismissal of Integral. Transfer of the case to Baldwin County was completed. Upon our grant of interlocutory appellate review, enumerations relating to other alleged errors may be raised and must also be decided. OCGA § 5-6-34 (d); see *Griffith v. Ga. Bd. of Dentistry*, 175 Ga. App. 533 (333 SE2d 647). *Held:*

1. Johnson complains of the trial court's transfer of the case for improper venue, on Woodard's and Owens' motion to dismiss, based on the factual finding that Woodard was not a resident of Fulton County when the suit was filed and served.

The court was the trier of fact on the issues, and its determination "will be reversed only where the evidence demands a contrary finding." *Barrow v. Gen. Motors Corp.*, 172 Ga. App. 287, 288 (322 SE2d 900).

By affidavits, Woodard swore that at the time of the accident, he lived with his parents in Jones County. At that time, he considered that address to be his home and his residence. He subsequently obtained a job working in the motion picture industry. In performing that job, he was required to travel to locations outside of Jones County, and he would obtain lodging in those areas for reasons of economics and because of his inability to travel on a daily basis to and from Jones County to remote locales. Prior to plaintiff's filing of the present complaint, Woodard's employment required him to travel to Atlanta for the filming of a movie and to remain there for several months. During that time, he shared a furnished apartment in Fulton County with other persons. He did not list the telephone or utilities

in his name. He continued to receive mail in Jones County (although he received mail at his Fulton County address also). He never registered to vote in Fulton County or took any action to change his permanent address (although he established a checking account at a local bank and obtained checks imprinted with his Fulton County address). He departed Fulton County when his employment there ended.

Under Ga. Const. 1983, Art. VI, Sec. II, Par. IV, all civil cases other than those specifically excepted shall be tried in the county where the defendant resides. See *Williams v. Fuller*, 244 Ga. 846, 850 (2) (262 SE2d 135).

" ' "Residence" and "domicile" are not synonymous and convertible terms. (Cits.) . . . [O]ne's legal residence for the purpose of being sued in this state is necessarily the same county as his domicile where domicile is determined by that part of [OCGA § 19-2-1] which provides, "The domicile of every person of full age, and laboring under no disability, is the place where the family of such person shall permanently reside, if in this state." ' [Cit.]" *Pugh v. Jones*, 131 Ga. App. 600, 603 (1) (206 SE2d 650); compare OCGA § 19-2-2 (b). " 'There must be either the tacit or the explicit intention to change one's domicile before there is a change of legal residence.' [Cits.]" *Sorrells v. Sorrells*, 247 Ga. 9, 11-12 (3) (274 SE2d 314).

Evidence showed that Woodard's domicile was Jones County, and there is no evidence of any intent on his part to change his domicile from there to Fulton County. Consequently, the court did not err in finding that Jones County remained his legal residence for venue purposes.

2. The refusal of the court to make written findings of fact and conclusions of law was not error, as this is not required on motions such as were before it. See OCGA § 9-11-52.

3. The trial court held in effect that OCGA § 46-7-12 (e), which permits joinder of the insurer in the same action against the motor carrier, does not apply to a collision involving a Georgia resident and a vehicle which is subject to Georgia PSC regulation under Title 46, where the collision occurs in another state.

This Georgia motor carrier is "subject to an action [on the bond or policy of indemnity insurance]" in Georgia by "any person"; therefore, joinder of the insurer (OCGA § 46-7-12 (b) and (e)) is proper. Joinder is not prohibited merely because the collision occurred on a highway in South Carolina.

*National Union Fire Ins. Co. v. Marty*, 197 Ga. App. at 643 notes that several statutes in Title 46 (as to regulation of common carriers) refer to " 'commerce carried on in this state' " and "on any public highway of this state." (Emphasis omitted.) Specifically, *National Union Fire* notes that OCGA § 46-7-50 provides that *Article 2* of Chapter 7 of Title 46 " 'is intended to state the conditions and regula-

tions under which motor carriers for hire other than common carriers are permitted to operate *over the highways of this state.*' " Id. at 643. That case does not control this case because it is not clear from the facts whether that motor carrier was one regulated by the Georgia PSC.

In any event, the issue in this case involves not Article 2 of Title 46, Chapter 7, but involves *Article 1*. OCGA § 46-7-12 (e) of Article 1 permits joinder of the insurer in "a cause of action arising under this article in tort or contract," and it does not restrict any such cause of action to one arising out of an occurrence on the streets or highways of this state. We have found no Code section which does.

Granted, many statutes in Title 46 refer to commerce on and use of Georgia highways. However, Article 1 of Title 46 regulates a Georgia carrier operating in both interstate and intrastate commerce *"to the extent expressly authorized by this article."* (Emphasis supplied.) OCGA § 46-7-36. The direct action statute, § 46-7-12, at (b) and (c) *"expressly authorize[s]"* (§ 46-7-36) the PSC to require bond (§ 46-7-12 (b)) or insurance conforming to the provisions at (b) as to bonds (id. at (c)), "for the benefit of and *subject to action thereon* by *any person* who shall sustain actionable injury or loss protected [by such bond or insurance]." (Emphasis supplied.) Moreover, without regard to where an accident occurs, OCGA § 46-7-12 (e) *expressly authorizes* suit and joinder of insurer when a cause of action arises under Article 1, specifically § 46-7-12 (b) and (c), against a motor carrier which was issued a certificate of public convenience and necessity by the Georgia PSC. So, where the motor carrier is "subject to action" in Georgia "by any person" (id. at (b)), OCGA § 46-7-12 (e) "expressly authorize[s]" (see § 46-7-36) joinder without regard to whether the carrier is engaged in "commerce carried on exclusively in this state." Id.

We conclude that mere reference to use of Georgia highways in some sections of the Act does not mean that a person has a cause of action under Article 1 (§ 46-7-12 (b), (c) and (e)) only if an injury occurs on Georgia highways or streets.

Moreover, a statute most pertinent to the question at hand is OCGA § 46-7-16 (e), which provides: "It shall not be necessary for any motor common carrier to obtain a certificate of public convenience from the Georgia Public Service Commission *when such carrier is engaged solely in interstate commerce over the public highways of this state.*" (Emphasis supplied.) So, the certificate of public convenience and necessity (OCGA § 46-7-3) *which is what permits joinder* (§ 46-7-12 (e)) is required only when a carrier is engaged in commerce in other states as well as in Georgia. OCGA § 46-7-16 (e). The inexorable conclusion is that a certificate is required and joinder is thus permitted under § 46-7-12 (e), when a carrier is engaged in

commerce over the public highways of another state (§ 46-7-16 (e)) but is "subject to [an] action [on the bond or insurance]" *in Georgia* by "any person" injured by the carrier. OCGA § 46-7-12 (b).

OCGA § 46-7-12 allows a suit by a non-resident against a carrier in Georgia, and says nothing about limiting recovery or joinder to persons injured on the highways of Georgia.

The thrust of OCGA § 46-7-12 (Article 1) is to facilitate suit against, and liability of, carriers whom the public may or must *sue in Georgia* (i.e., carriers which are "subject to action [on the bond or insurance required by § 46-7-12 (b) or (c)]," by "any person" who has "a cause of action arising under this article." Id. at (b), (c), and (e)). Thus, § 46-7-12 (e) permits "any person" with an actionable injury or loss (id. at (b)) against a carrier "subject to [an] action" on the Georgia bond (id.), to join the insurer in such an action. The prerequisite of such suit and joinder is that the carrier be one which is statutorily required to obtain bond or liability insurance and is subject to suit in Georgia. Since such certificate and bond or insurance is not required at all when the carrier is engaged solely in interstate commerce over the public highways of Georgia (§ 46-7-16 (e)), the only reasonable inference is that the certificate of convenience which permits joinder of the insurer in a suit against a carrier "subject to action [on the bond or insurance]" in Georgia applies specifically to, and "expressly authorize[s]" (§ 46-7-36) causes of action for, a tort which occurred on public highways of other states. It is immaterial whether the plaintiff is a resident of Georgia; what is material is that the defendant is subject to an action filed in Georgia under § 46-7-12.

Furthermore, on principle, we find no reason the insurer of this motor carrier should not be joined in this action against a carrier operating under a certificate of convenience issued by the State of Georgia, and which is therefore required to be, or may be, sued in Georgia. Unless a statute strictly and expressly prohibits it, there is no reason joinder should be denied to "any person" (§ 46-7-12 (b)) injured by a carrier which is regulated by the Georgia PSC and which is "subject to action [on the bond]" (id.) and therefore may or must be sued in Georgia.

As to a carrier which has been issued a certificate and bond (or provides insurance) and is subject to an action for damages in Georgia, we have not found a statute which prohibits joinder merely because the tort occurred over the border. In view of the intent stated at § 46-7-16 (e) (i.e., that the certificate of convenience which requires insurance and allows joinder of the insurer is required only where the carrier is *not* "engaged solely in interstate commerce over the public highways of this state"), we must conclude that the legislature intended to extend the benefit of the joinder statute to "any person" (§ 46-7-12 (b)), including one injured in another state by tort of a

Georgia carrier which is regulated by and is "subject to action [on the Georgia bond]" in the State of Georgia. We cannot infer a contrary purpose from statutes referring to other things and referring generally to commerce "in this state" or to torts occurring on the "highways of this state."

The trial court therefore erred in dismissing the insurer Integral from the suit.

*Judgment affirmed in part and reversed in part. Pope, C. J., McMurray, P. J., Cooper and Blackburn, JJ., concur. Beasley, P. J., Andrews and Johnson, JJ., concur in part and dissent in part.*

BEASLEY, Presiding Judge, concurring in part and dissenting in part.

I concur in Divisions 1 and 2 of the majority opinion but respectfully dissent with respect to Division 3.

Ordinarily, joinder of parties is governed under the Civil Practice Act, sections 19 and 20 (OCGA §§ 9-11-19; 9-11-20). Plaintiff does not invoke these provisions for joining Integral. He seeks instead to compel the insurer to be joined on the authority of OCGA § 46-7-12 (e), which provides: "It shall be permissible under this article [the article of the chapter on public utilities and transportation which governs motor common carriers] for any person having a cause of action arising under this article in tort or contract to join in the same action the motor carrier and its surety, in the event a bond is given. If a policy of indemnity insurance is given in lieu of bond, it shall be permissible to join the motor carrier and the insurance carrier in the same action, whether arising in tort or contract."

Whether joinder is allowed is a matter of procedure, with which plaintiff agrees. This was recognized in *Watkins v. H. O. Croley Granary*, 555 FSupp. 458, 461 (2) (N.D. Ga. 1982): "[OCGA § 46-7-12 (e)] does not enlarge or limit the financial liability of insurers of motor carriers, but only procedurally affects the remedy for enforcing that liability. [Cits.]" Thus, the law of Georgia applies, as the forum chosen by plaintiff is in Georgia. "Under the rule of lex fori, procedural or remedial questions are governed by the law of the forum, the state in which the action is brought. [Cit.]" *Federal Ins. Co. v. Nat. Distrib. Co.*, 203 Ga. App. 763, 765 (417 SE2d 671) (1992).

The question is whether the joinder provision covers the out-of-state collision.

Plaintiff's first argument is that the provision is plain on its face and does not limit joinder to suits based on torts occurring in Georgia. While that is true, one must examine the development of this provision and the context in which it appears. It is an addition to the section of the law governing motor common carriers in Georgia which requires a security bond, indemnity insurance, or self insurance as a

prerequisite for obtaining a certificate of public convenience and necessity.

The Supreme Court of Georgia construed OCGA § 46-7-12 (before subsection (e) was added) as meaning that since the required insurance is for the benefit of those who sustain actionable injury or loss, the insurance is "a direct and primary obligation to any person who shall sustain actionable injury or loss by reason of the negligence of the insured in the operation of his motor vehicles insured under the policy." *Great American Indem. Co. v. Vickers*, 183 Ga. 233, 236 (188 SE 24) (1936). "The sustaining of *actionable injury* is, under the statute, the only condition precedent to a suit on the policy." (Emphasis in original.) Id. Thus it held that the injured party had a right to sue the insurer directly, without previously obtaining judgment against the tortfeasor. Vickers had sued the insurer alone.

A month after allowing, procedurally, a direct action because the contract was, substantively, a direct obligation, the Court held that the insurance company could not be joined with the motor common carrier in the same suit. The reasons were that the rules of pleading did not permit joinder of claims ex contractu with claims ex delicto, and the statute, which must be strictly construed because it is in derogation of common law, did not authorize it. *Russell v. Burroughs*, 183 Ga. 361 (188 SE 451) (1936).[1]

The next year the law was amended to add the subsection now known as (e) to both the motor common carrier act, upon which plaintiff relies, and the motor carrier for hire act (now known as the motor contract carrier article). OCGA § 46-7-58 (Ga. L. 1937, pp. 727, 730). "This, then, allowed the joinder of a tort action against the carrier with a contract action against its insurer-in-lieu-of-bond. The only condition precedent to the joinder of the latter was that there be a viable action against the former." *Farley v. Continental Ins. Co.*, 150 Ga. App. 389, 391 (258 SE2d 8) (1979).

The insurance which is required is for certificates for motor common carriers operating in Georgia, OCGA § 46-7-7, as the commission which issues such certificates only has power to regulate the business of carriers "on any public highway of this state." OCGA § 46-7-2. See *Commercial Union Ins. Co. v. Bradley Co.*, 186 Ga. App. 610, 612 (1) (367 SE2d 820) (1988). See also OCGA § 46-7-36, which subjects motor common carriers doing both interstate and intrastate business to the provisions of Article 1 "so far as [they] separately [relate] to commerce carried on in this state."

"The public" which is referred to in OCGA § 46-7-12 as being

---

[1] *Russell* also held that the same applies to the analogous motor contract-carrier section, now OCGA § 46-7-58.

the beneficiary of the insurance thus means the public on the high-ways of Georgia. Plaintiff does not have "a cause of action *arising under [Article 1]*" because only those causes which occur in Georgia arise under the requirement for insurance which protects the public on Georgia highways. (Emphasis supplied.) There is no basis for con-struing "the public," as plaintiff would have us do, to mean Georgia residents wherever they may travel. Since the joinder provision in subsection (e) is in derogation of common law, we must strictly con-strue it. See *Russell*, supra. The controlling factor for joinder is the place where the tort occurred, not who was injured. Joinder is allowed under subsection (e) based on the tort having been committed in Georgia by a Georgia-certified carrier, not on its having been commit-ted on a Georgia resident regardless of what state that resident was in.

Despite plaintiff's arguments to the contrary, *National Union Fire Ins. Co. v. Marty*, 197 Ga. App. 642 (399 SE2d 260) (1990), is not overruled. Nor is it distinguishable on the salient points. The fact that it arose on summary judgment rather than on motion to dismiss is of no significance because it is undisputed here that the collision occurred in South Carolina and not in Georgia. Nor is it significant whether Florida does not have, but South Carolina has, a statute al-lowing joinder. Even if, under its S.C.R.C.P. 20 (a), South Carolina would allow joinder of the insurer which issues the insurance required by S.C. Code § 58-23-910, this is a suit in Georgia, not South Caro-lina, so the procedural rule of Georgia governs.

Thus the rule allowing joinder, which is a procedural rule, does not apply to the collision here at issue. Since the procedural rules of the forum apply, plaintiff had no right to join the insurance company in his wrongful death action against the carrier and its driver em-ployee under OCGA § 46-7-12.

I am authorized to state that Judge Andrews and Judge Johnson join in this opinion.

DECIDED MARCH 19, 1993.

*Weiner, Yancey & Dempsey, Beryl H. Weiner, John C. Yancey, Thomas C. Dempsey, Robert W. Diggs*, for appellants.

*Webb, Carlock, Copeland, Semler & Stair, D. Gary Lovell, Jr.*, for appellees.