**PUBLISH**

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 96-8998
_____

D. C. Docket No. 1:95-CV-1627-CC

CRAIG C. DeHART; JEANNIE I. DeHART, As the parents and Natural
Guardians and Conservators of Adam Shane DeHart,

Plaintiffs-Appellees,

versus

LIBERTY MUTUAL INSURANCE COMPANY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(January 23, 1998)**

Before TJOFLAT, BIRCH and MARCUS[*], Circuit Judges.

_____

[*]Honorable Stanley Marcus was a U.S. District Judge of the
Southern District of Florida sitting by designation as a member of
this panel when this appeal was argued and taken under submission.
On November 24, 1997 he took the oath of office as a United States
Circuit Judge of the Eleventh Circuit.

PER CURIAM:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO ARTICLE VI, SECTION VI, PARAGRAPH IV, OF THE GEORGIA CONSTITUTION.

TO THE SUPREME COURT OF GEORGIA AND THE HONORABLE JUSTICES THEREOF:

In this action in diversity, Craig C. DeHart and Jeannie I. DeHart ("the DeHarts") seek a declaration that a liability insurance policy issued by Liberty Mutual Insurance Company ("Liberty Mutual") to Senn Trucking Company of Georgia, Inc. ("Senn Trucking Company") was in effect on May 26, 1988; on that date, a Senn Trucking Company employee caused an automobile collision to occur that resulted in catastrophic injury to the DeHarts' son, Adam Shane DeHart. Because this case presents unresolved questions of Georgia law that are determinative of this appeal, we defer our decision pending certification of several issues posed by

the parties to the Supreme Court of Georgia.  See Gossard v. Adia Services, Inc., 120 F.3d 1229, 1230 (11th Cir. 1997).

## I.  FACTS

For purposes of the issues presented for certification, the following facts underlying this appeal are undisputed: The Georgia Public Service Commission ("GPSC") has promulgated regulations providing that motor carrier liability insurance policies properly registered with the GPSC are continuous until not less than thirty days after the GPSC receives actual written notice that such coverage will terminate.  See R1-17, Exh. F.  The regulations further require that insurers certify coverage by filing a "Form E" and provide notice of termination of coverage by filing a "Form K."  See R1-9 at 2 (describing certification and cancellation procedures under GPSC regulations).  Under Georgia law, a person having a cause of action in tort or contract against a motor carrier may join in the same

3

action both the motor carrier and its insurance carrier. See O.C.G.A. § 46-7-12(e).

Liberty Mutual filed Form E certificates of liability insurance coverage with the GPSC on June 26, 1986, certifying that it provided liability insurance coverage for Senn Trucking Company. The language of the policy specified that the term of the policy was in effect from June 26, 1986, through May 26, 1987. On May 27, 1987, the policy issued by Liberty Mutual to Senn Trucking Company expired by its own terms. Liberty Mutual, however, did not file a Form K with the GPSC advising that the policy had been terminated. On that same date, Senn Trucking Company acquired a liability insurance policy from National Continental Insurance Company.

On May 26, 1988, an automobile collision involving a Senn Trucking Company vehicle and an automobile in which Adam Shane DeHart was a passenger occurred on a highway in North Carolina. As previously stated, this accident resulted in serious bodily injury to DeHart. At the time of this incident, Liberty Mutual's Form E

providing notice of its coverage of Senn Trucking Company continued to be on file with the GPSC; at the same time, Senn Trucking Company also received coverage purchased from National Continental Insurance Company.

The DeHarts initially filed suit for damages in state court against, inter alia, Senn Trucking Company, National Continental Insurance Company, and Liberty Mutual. The DeHarts and Liberty Mutual each moved for summary judgment, which was denied by the trial court. The Georgia Court of Appeals reversed as to the denial of summary judgment on behalf of Liberty Mutual and, after determining that it was bound by National Union Fire Ins. Co. v. Marty, 197 Ga. App. 642, 399 S.E.2d 260 (Ga. Ct. App. 1990)[1], resolved that Liberty Mutual had been joined improperly under Georgia law because the accident had occurred outside the state of

---

[1]In Marty, the Georgia Court of Appeals decided that Georgia law authorizing joinder of motor carriers and their respective liability insurers in a direct prejudgment action did not apply when the accident giving rise to suit had occurred outside the state of Georgia. See Marty, 197 Ga. App. at 643-44, 399 S.E.2d at 262 (where accident occurred in Florida, "joinder of the motor carrier's insurer was not authorized by Georgia's direct action statute.").

Georgia.  See Liberty Mut. Ins. Co. v. DeHart, 206 Ga. App. 858, 426 S.E.2d 592 (Ga. Ct. App. 1992).

The DeHarts subsequently filed the instant action in federal district court seeking declaratory relief in the form of a determination as to whether Liberty Mutual was liable to satisfy all or part of the judgment sought against Senn Trucking Company.  Specifically, the DeHarts requested that the court decide whether Georgia's regulatory scheme concerning continuous coverage in the absence of official notice of termination applied in this instance; that is, whether Liberty Mutual's liability insurance policy "extended by operation of law, beyond the initial term thereof, and so as to include the date of loss in this case, by reason of [Liberty Mutual's] . . . failure to file an effective notice of cancellation of the said liability insurance policy with the Georgia PSC."  R1-9 at 3.  Again, both parties moved for summary judgment.  The district court reasoned that Johnson v. Woodard, 208 Ga. App. 41, 429 S.E.2d 701 (Ga. Ct. App. 1993) (en banc), a case decided by _the Georgia Court of

Appeals subsequent to <u>Marty</u>, dictated that, notwithstanding the expiration of Liberty Mutual's policy with Senn Trucking Company, Liberty Mutual's failure to file the requisite Form K with the GPSC rendered the policy effective as to the general public on the date of the accident.[2]  As a result, the court concluded that Liberty Mutual was subject to liability for damages in the action against Senn Trucking Company and granted summary judgment in favor of the DeHarts.

## II.  CONTENTIONS

On appeal, Liberty Mutual argues that the applicable statutory language establishing the GPSC and prescribing its jurisdiction expressly limits its regulatory reach to the public highways of the state of Georgia.  As a result, Liberty Mutual contends, the continuous coverage regulations at issue here are not applicable to extra-territorial operations of a motor carrier certified by the GPSC.

---

[2]The parties agree that <u>Marty</u> and <u>Woodard</u> are in direct conflict.

In support of this proposition, Liberty Mutual suggests that Georgia statutory and decisional law implicitly have restricted the jurisdiction of the GPSC to the regulation of common carriers upon the highways of this state. For instance, Liberty Mutual points to statutory language establishing the regulatory power of the GPSC:

> [T]he Commission is vested with power to regulate the business of any person engaged in the transportation as a common carrier of persons or property, either or both, for hire by motor vehicle on any public highway of this state.

O.C.G.A. § 46-7-2. Liberty Mutual additionally notes a statutory distinction between interstate and intrastate commerce as evidence that regulations promulgated by the GPSC were intended to have no extra-territorial effect:

> In circumstances where a motor common or contract carrier is engaged in both interstate and intrastate commerce, it shall nevertheless be subject to all the provisions of this article so far as it separately relates to commerce carried on exclusively in this state. It is not intended that the Georgia Public Service Commission shall have the power of regulating the interstate

commerce of such motor common or contract carrier, except to the extent expressly authorized by this article as to such commerce. . . . When a motor common carrier is engaged in both intrastate and interstate commerce, it shall be subject to all the provisions of this article so far as they separately related to commerce carried on in this state.

Ga. Code Ann. § 46-7-36.

Liberty Mutual also points to decisions of the Georgia courts that tend to support its view of the territorial reach of the GPSC. See, e.g., Marty, 197 Ga. App. at 643, 399 S.E.2d at 262 ("[T]he cases cited by plaintiff provide no authority for the joinder of the insurer when the accident occurred outside the State of Georgia."); DeHart, 206 Ga. App. at 859, 426 S.E.2d at 593 ("[T]he purposes of the statute and the State's interest in ensuring and expediting compensation of injured parties are not implicated where the accident does not occur in the State.").

Liberty Mutual further suggests that, even if we were to conclude that the GPSC regulation requiring continuous coverage

of a motor carrier absent the filing of a Form K obtains with equal force when the loss occurs outside the state of Georgia, public policy concerns militate against applying this continuous coverage provision when the motor carrier has procured identical coverage from another insurer and that subsequent coverage was in effect at the time of the loss.

The DeHarts submit that in Johnson v. Woodard, the Georgia Court of Appeals authoritatively determined that the territorial scope of the GPSC's regulatory framework is not confined to the state of Georgia. The DeHarts further contend, therefore, that Liberty Mutual's reliance on judicial construction of statutory language relating to the establishment and jurisdiction of the GPSC in cases such as Marty and its progeny is misplaced because Johnson, which controls the outcome of this case, effectively overruled Marty. The DeHarts additionally aver that Liberty Mutual's contention regarding the "stacking" of insurance policies finds no basis in either the plain language of Georgia's statutes or the decisions of Georgia's courts.

## III.  QUESTIONS TO BE CERTIFIED

1.  Does the GPSC regulatory provision mandating that motor carrier liability insurance policies properly registered with the GPSC are continuous until not less than thirty days after the GPSC receives actual written notice that such coverage will terminate -- i.e., the continuous coverage provision -- have extra-territorial application such that coverage is mandated when a motor vehicle collision occurs outside the state of Georgia?

2.  Where an insurer has certified to the GPSC that it insures a Georgia motor carrier and, notwithstanding the expiration of the policy in question, fails to notify the GPSC that such certification has been canceled prior to the loss, and the motor carrier subsequently purchases a second policy also in effect at the time of the loss, does Georgia law permit extension of the GPSC continuous coverage provision to provide "stacking" of the two policies with respect to the motoring public?

Our statement of the questions to be certified is intended as a guide and is not meant to restrict the scope of inquiry by the Supreme Court of Georgia. The entire record of this case, together with copies of the briefs, shall be transmitted to the court.

QUESTIONS CERTIFIED.