73788. GLENN McCLENDON TRUCKING COMPANY,
INC. et al. v. WILLIAMS.
(359 SE2d 351)

CARLEY, Judge.

A set of tandem wheels loosened and then separated from a tractor trailer truck that was being operated by an employee of appellant-defendant Glenn McClendon Trucking Co., Inc. (Glenn McClendon). After their separation, the wheels rolled into appellee-plaintiff's lane of traffic. When the car that appellee was driving struck the wheels, he was injured. Alleging his reliance upon the provisions of OCGA § 46-7-12 (e), appellee brought this suit against Glenn McClendon and against Glenn McClendon's insurer, appellant-defendant Atlanta International Insurance Company (Atlanta International). The case was tried before a jury. The jury's verdict awarded appellee actual and punitive damages. The trial court entered judgment against appellants on the jury's verdict. Appellants filed timely alternative motions for new trial or judgment n.o.v. From the denial of their motions, appellants now bring this appeal.

1. At the close of appellee's evidence, Atlanta International moved for a directed verdict. That motion was denied and, as previously indicated, the trial court also denied Atlanta International's subsequent motion for judgment n.o.v. On appeal, Atlanta International enumerates as error the submission of the case, as against it, to the jury.

"[T]he general rule [is] that an insurer may not be joined as a party defendant with its insured where there has been no judgment previously obtained against the insured. . . . [Cits.]" *Brunson v. Valley Coaches*, 173 Ga. App. 667, 669 (2) (327 SE2d 758) (1985). Notwithstanding this general rule, OCGA § 46-7-12 (e) does provide that "it shall be permissible to join the motor carrier and the insurance carrier in the same action. . . ." It would be erroneous, however, to construe OCGA § 46-7-12 (e) as merely a statutory exception to the general procedural prohibition against the pre-judgment joinder of an insured and his liability insurer. OCGA § 46-7-12 contains numerous provisions of which subsection (e) is but one. Pursuant to those provisions, OCGA § 46-7-12 "establishes an independent cause of action

against the carrier's insurer on behalf of a member of the public injured by the carrier's negligence. [Cit.] '[T]he structure of the Motor Carrier Act is to offer the insurer as a substitute surety bond, action against which is based on its contract with the carrier for the protection of the public as a third party beneficiary.' [Cit.] ' "This being true, the policy of insurance is not one of indemnity against loss as that term is generally understood, but is a direct and primary obligation to any person who shall sustain actionable injury or loss by reason of the negligence of the insured in the operation of his motor vehicles insured under the policy. The sustaining of actionable injury is, under the statute, the only condition precedent to a suit on the policy." [Cit.] . . . "The cause of action is not on the tort; but on the contract by alleging the occurrence of the condition precedent required by the statute, which statute is an integral part of the contract of insurance . . ." ' [Cit.]" (Emphasis omitted.) *Thomas v. Bobby Stevens Hauling Contractors*, 165 Ga. App. 710, 711 (1) (302 SE2d 585) (1983).

Since OCGA § 46-7-12 creates a direct pre-judgment cause of action in contract against an insurer and does not merely provide a statutory exception to the procedural prohibition against joinder of a liability insurer as a party defendant in a tort action against its insured, it follows that mere proof that the allegedly negligent tortfeasor had liability coverage is not necessarily sufficient proof of the direct cause of action against the insurer itself. The "statute, being in derogation of the common law, must be strictly construed. . . ." *Russell v. Burroughs*, 183 Ga. 361, 364 (188 SE 451) (1936). It follows from a consideration of the entirety of OCGA § 46-7-12 that "[c]overage must be proved in these actions; if not, no verdict and judgment could be sustained against the insurer. Such an insurance policy, *issued with the approval of the Public Service Commission* 'is a policy of insurance against liability, any provisions in the policy, or in any rider attached thereto, to the contrary notwithstanding.' [Cit.]" (Emphasis supplied.) *St. Paul Fire &c. Ins. Co. v. Fleet Transp. Co.*, 116 Ga. App. 606, 609 (2) (158 SE2d 476) (1967). See also *Carolina Cas. Ins. Co. v. Davalos*, 154 Ga. App. 776, 778 (2) (269 SE2d 897) (1980), rev'd on other grounds 246 Ga. 746 (272 SE2d 702) (1980). Evidence merely that the alleged tortfeasor had secured a policy which provided liability coverage would show only the existence of a policy which indemnified the alleged tortfeasor himself against loss for his own liability. Such proof would fail to show that the injured party was a third-party beneficiary who had a direct pre-judgment cause of action in contract against the insurer itself. Unless the applicability of OCGA § 46-7-12 is shown by evidence of the existence of a policy issued with the approval of the Public Service Commission, "the general rule, that an insurer may not be joined as a party defendant with its insured where

there has been no judgment previously obtained against the insured, is applicable. [Cits.]" *Brunson v. Valley Coaches*, supra at 669 (2).

According to the allegations of appellee's complaint, Atlanta International had issued to Glenn McClendon an "insurance policy [which] was written and filed in accordance with OCGA § 46-7-12. . . ." This allegation was denied in Atlanta International's answer. The burden was thus on appellee to prove his allegation. However, the evidence that was adduced by appellee at the trial of this case showed only that Atlanta International had issued to Glenn McClendon a policy containing liability coverage. There was no additional evidence that, pursuant to OCGA § 46-7-12 (c), the policy that was issued by Atlanta International had been filed with and approved by the Public Service Commission in lieu of the bond that Glenn McClendon would otherwise have been required to file. This was a failure of proof as to an essential element of appellee's alleged pre-judgment direct cause of action in contract against Atlanta International. It follows that appellee failed to prove an essential element of his claim under OCGA § 46-7-12 and that the trial court erred in denying Atlanta International's motion for directed verdict and in denying its subsequent motion for judgment n.o.v.

2. By virtue of our holding in Division 1, remaining enumerations of error are, insofar as they relate to Atlanta International, moot.

3. Glenn McClendon asserts that there was no evidence of its wanton or wilful conduct and that, therefore, appellee's recovery of punitive damages was unauthorized. The jury was authorized to find that, on the day of appellee's injury, an agent of Glenn McClendon ordered mechanics employed by the company to make certain repairs on the truck, notwithstanding his knowledge that the mechanics did not have, and had repeatedly been denied permission to acquire, a tool which was needed for the safe performance of the job. One of the known risks of failing to use that tool was that the ball bearings would cease to function and this would eventually cause the wheels to loosen and separate from the truck. After the repairs had been accomplished, the truck was returned to service. While the Glenn McClendon truck was in route, the wheels began to smoke. Another truck driver observed the smoking wheels and radioed this fact to the Glenn McClendon driver. Despite this warning, the Glenn McClendon driver continued to operate the truck and ignored the advice of the other truck driver to stop. Only when he had been informed by the other truck driver that the brake drum on his truck was breaking apart and falling on the brake line did the Glenn McClendon driver attempt to stop. Before the truck could be brought to a complete stop, the wheels separated from the truck and rolled into appellee's oncoming lane of traffic. From this evidence, the jury could have found such a wanton disregard of the rights of others as to authorize

an award of punitive damages. See generally *Getz Svcs. v. Perloe*, 173 Ga. App. 532, 533 (1) (327 SE2d 761) (1985); *Bowen v. Waters*, 170 Ga. App. 65, 66 (2) (316 SE2d 497) (1984).

4. Error is enumerated as to the trial court's refusal to give requested charges on contributory and comparative negligence. The evidence in this case did authorize a charge on the avoidance doctrine of OCGA § 51-11-7 and such a charge was given. However, there was no evidence to authorize the requested charges on contributory and comparative negligence and, accordingly, there was no error in the trial court's refusal to give them. See generally *Beadles v. Bowen*, 106 Ga. App. 34, 35 (4) (126 SE2d 254) (1962).

5. The failure of the trial court to give a requested charge on legal accident is enumerated as error. There was some expert testimony that metal fatigue rather than negligence was a possible but an unlikely cause of the separation of the wheels from the truck. There is considerable question whether this somewhat speculative testimony would be sufficient to authorize a charge on legal accident. "It has been said that 'the better course would appear to be to omit the instruction except in those instances in which quite plainly it is peculiarly appropriate.' [Cit.]" *Garrett v. Brannen*, 164 Ga. App. 10, 11 (1) (296 SE2d 205) (1982), overruled on other grounds *Chadwick v. Miller*, 169 Ga. App. 338, 344 (1) (312 SE2d 835) (1983). However, assuming without deciding that the evidentiary support for a charge on legal accident was present and that it would not have been error had such a charge been given, it does not necessarily follow that the failure to give a requested charge on that principle constitutes reversible error. "It is not necessary to give the exact language of the request when the same principles are fairly given to the jury in the general charge. [Cit.]" *Robert & Co. Assoc. v. Tigner*, 180 Ga. App. 836, 843 (1) (351 SE2d 82) (1986). "[F]or purposes of jury instructions, some jurisdictions have totally discarded the principle of accident. This result is reached on the ground that 'a statement of the rule in instructions to a jury merely restates a phase of the law of negligence, is unnecessary, serves no useful purpose, overemphasizes the defendant's case, is misleading and confusing, does not necessarily preclude fault or negligence, and is susceptible to different meanings and constructions.' [Cits.] Although Georgia has not discarded accident as a proper subject for jury instructions, it has long been recognized that *it is not a separate defense but is merely 'elaborative' of general principles of negligence law.* [Cit.] . . . . [T]hat juries are misled and confused by the defense of accident has likewise been recognized." (Emphasis supplied.) *Chadwick v. Miller*, supra at 342. The record in this case shows that the trial court gave a full and fair charge on the general principles of negligence law, instructing the jury that Glenn McClendon could not be found liable in the absence of its negligence.

In view of the charge as given by the trial court, the failure to give the additional requested charge on the merely "elaborative" defense of legal accident was, at most, harmless error.

6. The failure of the trial court to give a requested charge on appellee's duty to mitigate his damages is also enumerated as error. " 'The burden is upon the party asserting that the opposite party could have lessened his damages, and such proof must include sufficient data to allow the jury to reasonably estimate how much the damages could have been mitigated.' [Cit.]" *National Health Svcs. v. Townsend*, 130 Ga. App. 700, 703 (3) (204 SE2d 299) (1974). There was evidence that appellee continued to wear a neck brace for some period of time after he had been told by his doctor to cease doing so. However, there was no evidence that, by continuing to wear the brace, appellee failed to avoid any part of his damages. Accordingly, the trial court was correct in refusing the request. *Jernigan v. Carmichael*, 145 Ga. App. 560, 561 (3) (244 SE2d 92) (1978).

7. The denial of a motion for mistrial, made on the ground that appellee had intentionally injected into the trial prejudicial information concerning policy limits, is enumerated as error.

The motion for mistrial was prompted by appellee's question, propounded to an agent of Atlanta International, as to whether one of Glenn McClendon's policies was an "umbrella" policy. The response of Atlanta International's agent to this question was that "no" umbrella policy existed. There was no disclosure of any policy limits. The jury was specifically instructed that there was no issue as to policy limits and that policy limits should not be considered. " ' "The trial judge in passing on motions for mistrial has a broad discretion, dependent on the circumstances of each case, which will not be disturbed unless manifestly abused. [Cits.] Unless it is apparent that a mistrial is essential to preservation of the right of fair trial, the discretion of the trial judge will not be interfered with." [Cit.]' [Cit.]" *Georgia Power Co. v. Hinson*, 179 Ga. App. 263, 270 (7) (346 SE2d 73) (1986). Considering the negative response to the question which had prompted the motion and the trial court's instruction to the jury, we find no abuse of discretion in the refusal to grant a mistrial.

8. The trial court's denial of Glenn McClendon's motion for judgment n.o.v. is enumerated as error. Only such grounds as were originally raised in Glenn McClendon's motion for directed verdict are to be given consideration. *Revco Discount Drug Centers v. Famble*, 173 Ga. App. 330, 331 (3) (326 SE2d 532) (1985). All such grounds have been previously discussed and have been found to be without merit.

9. The trial court's denial of Glenn McClendon's motion for new trial on the general grounds is enumerated as error. With regard to Glenn McClendon's liability for actual damages, the evidence was suf-

ficient to support the verdict and this court has no authority to determine the weight of the evidence. *Northern Assur. Co. v. Roll*, 176 Ga. App. 893 (1a) (338 SE2d 870) (1985). With regard to Glenn McClendon's liability for punitive damages, we have previously held in Division 3 that the evidence was sufficient.

10. The denial of Glenn McClendon's motion for new trial on the ground of asserted excessiveness of the verdict is enumerated as error. " ' "When a case comes before this court, after the refusal of a new trial by the presiding judge, it comes not only with the presumption in favor of the verdict, but also stamped with the approval of the judge who tried the case, and where no prejudice or bias or corrupt means in reaching the verdict appear, we are not authorized to set it aside as being excessive. (Cits.)" (Cit.) "This court does not have the broad discretionary powers invested in trial courts to set aside verdicts, and where the trial court before whom the witnesses appeared had the opportunity of personally observing the witnesses, including the plaintiff on the stand, (and) has approved the verdict, this court is without power to interfere unless it is clear from the record that the verdict of the jury was prejudiced or biased or was procured by corrupt means. (Cit.)" In view of the allegations [of Glenn McClendon's conscious disregard for the safety of others], which allegations were supported by the evidence, and in the absence of any showing of prejudice or bias or corrupt means of reaching the verdict or any abuse of the trial court's discretion in refusing to overturn the verdict, we cannot say the verdict was excessive as a matter of law.' [Cit.]" *American Family Life Assur. Co. v. Queen*, 171 Ga. App. 870, 873-874 (5) (321 SE2d 750) (1984). See also *Smith v. Milikin*, 247 Ga. 369, 371 (3) (276 SE2d 35) (1981); *Ford Motor Co. v. Stubblefield*, 171 Ga. App. 331, 340 (7) (319 SE2d 470) (1984).

11. It is urged that the trial court erred in finding that the parties had reached no settlement prior to trial. Conflicting affidavits were filed by attorneys for both sides. The trial court then conducted a hearing and found that no settlement had been reached. No transcript having been made of the hearing, we are bound to assume that the evidence supported the trial court's findings. *Siegel v. Gen. Parts Corp.*, 165 Ga. App. 339, 340 (2) (301 SE2d 292) (1983).

12. The trial court did not err either in entering judgment on the verdict against Glenn McClendon or in denying Glenn McClendon's alternative motion for new trial or judgment n.o.v. The trial court did err in denying Atlanta International's motions for directed verdict and for judgment n.o.v. However, since the judgment against Glenn McClendon is being affirmed, appellee is otherwise free to pursue such rights as he may have in his capacity as a judgment creditor to consider Atlanta International as a potential source of satisfaction of his judgment against Glenn McClendon.

*Judgment affirmed in part and reversed in part. Benham, J., concurs. Banke, P. J., concurs in Divisions 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, and 12 and in the judgment.*

DECIDED JUNE 15, 1987 —
REHEARING DENIED JULY 2, 1987 —

*Eve A. Appelbaum, Michael J. Gorby*, for appellants.
*W. Carl Reynolds, Charles M. Cork*, for appellee.