S92A0839. ANDREWS v. YELLOW FREIGHT SYSTEM, INC. et al.
(421 SE2d 712)

HUNT, Justice.

In this appeal we decide the remedy available to Andrews as a result of the trial court's erroneous pre-trial dismissal of the Insurance Company of the State of Pennsylvania as a party defendant.

The Insurance Company provided a policy of insurance in lieu of bond covering Yellow Freight System's tractor-trailer which collided with Andrews' car. In her suit for damages, Andrews joined Yellow Freight System and its insurance carrier pursuant to OCGA § 46-7-12 (e). The trial court dismissed the Insurance Company concluding that this Code section was unconstitutional in that it violated the Insurance Company's equal protection rights. We subsequently held otherwise in *Grissom v. Gleason*, 262 Ga. 374 (418 SE2d 27) (1992).

Andrews' claim against Yellow Freight was tried before a jury and a money judgment was entered in Andrews' favor. Dissatisfied with the amount of the verdict, Andrews wants the Insurance Company reinstated as a party defendant and seeks a new trial on the issues of liability and damages.

In *Grissom*, we concluded that the provision allowing joinder of the motor carrier's insurer in an action against the motor carrier was constitutional. Nevertheless, we recognize that under the Motor Carrier Act, OCGA § 46-7-1 et seq., the insurance carrier is not, in reality, a *separate* party for purposes of liability, but, rather, is equivalent to a provider of a substitute surety bond, creating automatic liability in favor of a third party who may have a claim for damages for the negligence of the motor common carrier. *Progressive Cas. Ins. Co. v. Bryant*, 205 Ga. App. 164 (421 SE2d 329) (1992). The plaintiff has no *separate* claim for damages against the motor carrier's insurer. The purpose of permitting joinder of the Insurance Company in a claim against common carrier is to further the policy of the Motor Carrier Act, that is, to protect the public against injuries caused by the motor carrier's negligence. OCGA § 46-7-12 (a); *Grissom*, supra. The provision allowing joinder of the insurer is not intended, in any respect, to enhance the value of a third party's claim for damages. Thus, the mere presence of the insurer as a party defendant should have no effect on the issues of liability or injuries, and

should not affect the amount of the verdict.[1] Accordingly, we see no reason to require further expenditure of time and resources on the part of the parties or the court in this case. Therefore, we remand this case to the trial court solely to add the Insurance Company as a named defendant required to share liability for payment of the judgment previously rendered.

*Judgment reversed and remanded. Clarke, C. J., Bell, P. J., Benham, Fletcher and Sears-Collins, JJ., concur.*

DECIDED OCTOBER 22, 1992.

*J. Nathan Blau,* for appellant.

*Webb, Carlock, Copeland, Semler & Stair, Thomas S. Carlock, Scott D. Huray,* for appellees.

---

[1] The dismissal of the insurer on equal protection grounds is, nonetheless, erroneous. In light of our opinion in *Grissom,* it is unlikely that trial courts will make this error. If, however, an insurer is dismissed, contrary to our opinion in *Grissom,* a party may appeal that dismissal by application for interlocutory appeal. We recently granted such an application, and remedied the trial court's error by order. *Roberts v. Carolina Freight Carriers,* Case No. S92A1017, decided October 2, 1992.