A96A0262, A96A0263. SOUTHERN GENERAL INSURANCE
COMPANY v. WAYMOND et al.; and vice versa.
(472 SE2d 325)

SMITH, Judge.

This case arose out of a motor vehicle accident between a log truck and trailer insured by Southern General Insurance Company (Southern General) and an automobile driven by David Waymond, Jr. Waymond was killed, and his mother, Sylvia Waymond, brought this wrongful death action against the driver of the truck, the owner of the truck, and Southern General. Prior to trial, Waymond voluntarily dismissed the driver and the owner without prejudice. Southern General moved for dismissal or summary judgment on the ground that Waymond could not maintain a direct action against it. The trial court denied the motion, and the case proceeded to trial before a jury. At the conclusion of Waymond's evidence and again at the conclusion of Southern General's evidence, Southern General unsuccessfully moved for directed verdict. The jury found in favor of Waymond and awarded her $1.2 million. The trial court denied Southern General's motions for new trial and judgment notwithstanding the verdict, and this appeal ensued.

Although Southern General raises several enumerations, the central issue is whether Waymond could bring a direct action against Southern General. Southern General contends that Waymond could not maintain such an action for two reasons: (1) the log truck was exempt from suit under OCGA § 46-1-1 (7) (C) (x) and (xi); and (2) even if not exempt, Waymond failed to prove the essential elements of her right to proceed directly. We agree with the latter contention and reverse.

OCGA § 46-7-50 et seq., the "Motor Carrier Act of 1931," identifies "the conditions and regulations under which motor carriers for hire, other than common carriers and private carriers, are permitted to operate over the highways of this state." OCGA § 46-7-50. To operate, a motor contract carrier is required to obtain a certificate of public convenience and necessity from the Public Service Commission. OCGA § 46-7-53 (a). To obtain such a certificate, the motor carrier must "give bond, with adequate security, for the protection . . . of the passengers and baggage carried and of the public against injury proximately caused by the negligence of such motor carrier, its servants, or its agents." OCGA § 46-7-58 (a). In its discretion, the PSC may permit a motor carrier to file a policy of indemnity insurance, approved by the PSC in lieu of bond. OCGA § 46-7-58 (c). Only when such a bond or policy of indemnity insurance has been given by the motor carrier may a direct action be brought against the motor carrier's insurer; OCGA § 46-7-58 (e) provides that an individual may "join in the same action the motor carrier and its surety, *in the event a bond is given. If a policy of indemnity insurance is given in lieu of bond*, it shall be permissible to join the motor carrier and the insurance carrier in the same action, whether arising in tort or contract." (Emphasis supplied.) This statute, in derogation of the common law prohibiting direct actions against insurers, must be strictly construed. See *Nat. Indem. Co. v. Tatum*, 193 Ga. App. 698, 700 (388 SE2d 896) (1989) (construing identical language of OCGA § 46-7-12 (e)).

The trial transcript reveals that no certificate of public convenience and necessity was ever issued by the PSC to the carrier, Richard A. Murray, or to Richard Murray d/b/a Murray Trucking. Further, the PSC's director of compliance and safety testified that she found no evidence in PSC records that an insurance policy issued by Southern General had been filed.

The facts and issues addressed in *Glenn McClendon Trucking Co. v. Williams*, 183 Ga. App. 508 (359 SE2d 351) (1987) are similar to those here. In *Glenn McClendon*, plaintiff brought a direct action against a motor carrier and its insurer. The insurer had provided a liability policy to the motor carrier, but the policy had neither been filed with the PSC in lieu of bond nor approved by the PSC. This

court construed OCGA § 46-7-12 (e), a provision in the Motor Carrier Act relative to "common carriers" identical to OCGA § 46-7-58 (e). Reversing the denial of the insurer's motions for directed verdict and j.n.o.v., we stated: "Evidence merely that the alleged tortfeasor had secured a policy which provided liability coverage would show only the existence of a policy which indemnified the alleged tortfeasor himself against loss for his own liability. Such proof would fail to show that the injured party was a third-party beneficiary who had a direct pre-judgment cause of action in contract against the insurer itself. *Unless the applicability of OCGA § 46-7-12 is shown by evidence of the existence of a policy issued with the approval of the Public Service Commission*, the general rule, that an insurer may not be joined as a party defendant with its insured where there has been no judgment previously obtained against the insured, is applicable." (Citation and punctuation omitted; emphasis supplied.) Id. at 509-510.

Under the unambiguous terms of the statute, as construed in *Glenn McClendon*, a plaintiff must prove that a policy was filed and approved by the PSC in order to maintain a direct action against the insurer of a motor contract carrier. Accord *American Motorists Ins. Co. v. King Shrimp Co.*, 199 Ga. App. 847, 849 (1) (406 SE2d 273) (1991); compare *Progressive Cas. Ins. Co. v. Scott*, 188 Ga. App. 75, 76 (371 SE2d 881) (1988) (physical precedent only) (some evidence presented of filing and approval, so summary judgment to insurer denied).

Here, Waymond did not present any evidence that an insurance policy was filed with and approved by the PSC. The only evidence presented was that no such filing and approval had occurred. Consequently, Southern General was not subject to a direct action under the plain language of OCGA § 46-7-58 (e).

Waymond urges adoption of a rule that when an insurer knows or should know that a motor carrier is subject to PSC regulation, the insurer should be subject to a direct action. She contends that Southern General should have known that Murray Trucking was subject to PSC regulation because it issued three certificates of insurance on behalf of Murray Trucking. These certificates, according to Waymond, indicate that Southern General had knowledge that Murray Trucking was not exempt from regulation under OCGA § 46-1-1 (7) (C) (x) or (xi) and should be subject to a direct action. She attempts to distinguish *Glenn McClendon* on this ground.

We do not reach the issue of whether Murray Trucking was exempt from regulation by the PSC under OCGA § 46-1-1 (7) (C) (x) or (xi). Assuming arguendo, however, that Murray Trucking was subject to PSC regulation and that Southern General had knowledge of this fact, neither the direct action statute nor *Glenn McClendon* pro-

vides an exception when the insurer had or should have had such knowledge. We find nothing in this Court's holding in *Glenn McClendon* that authorizes an exception to the rule that an essential element of proof is evidence of filing with and approval of a policy by the PSC. Waymond is attempting to impose a responsibility on Southern General not provided for by the statute, a statute that must be strictly construed. This responsibility of filing a bond or insurance policy in lieu of bond is with the motor carrier, not the insurer. OCGA §§ 46-7-53 (a); 46-7-58 (a).

Because Waymond failed in presenting evidence of an essential element of proof, the trial court erred in denying Southern General's motion for directed verdict. Southern General's other contentions, as well as those raised by Waymond in her cross-appeal, are moot in light of this holding.

*Judgment reversed. Pope, P. J., and Andrews, J., concur.*

DECIDED JUNE 3, 1996 —

*Glover & Blount, Percy J. Blount, Groover & Childs, Denmark Groover, Jr.*, for appellant.

*Kirwan, Parks, Chesin & Remar, Walter H. Beckham III, Davis, Gregory, Christy & Forehand, Hardy Gregory, Jr., Preyesh K. Maniklal*, for appellee.

*Hugh B. McNatt, Dye, Tucker, Everitt, Wheale & Long, A. Rowland Dye, Gray & Gilliland, T. Cullen Gilliland*, amici curiae.