A96A0413. STEWART v. LIBERTY MUTUAL INSURANCE
COMPANY.
A96A0414. JOHNSON v. LIBERTY MUTUAL INSURANCE
COMPANY.
(472 SE2d 704)

BLACKBURN, Judge.

We have combined the appeals from the trial court's grant of summary judgment to the insurer in Case Nos. A96A0413 and A96A0414 where the court held that such insurer could not be named as a party defendant in an action against its insured, a livestock hauler, under the provisions of OCGA § 46-7-58 (e). The court held that the hauler was not a "motor contract carrier" under the exemption from the definition provided by OCGA § 46-1-1 (7) (C) (xi) to haulers of "unmanufactured agricultural products." The trial court held that "livestock" is an "unmanufactured agricultural product."

Both actions arose out of a traffic accident which occurred on November 7, 1993. The plaintiffs alleged that a driver of Liberty Mutual's (Liberty) insured, Brown Packing Company, Inc. (Brown), a livestock hauler, negligently operated his tractor-trailer in an unsafe manner thereby causing the deaths of plaintiffs' decedents.[1] The subject tractor-trailer was used exclusively for the transportation of livestock purchased at auction, although it was empty at the time of the accident.

It is undisputed that Brown was not a "motor *common* carrier" as defined by OCGA § 46-7-12 (e) at the time of the incident. At issue is whether Brown was a "motor *contract* carrier" as defined by OCGA § 46-7-58 (e) and therefore its insurer could be named directly in an action against it, or was Brown exempt from definition as a "motor contract carrier" and thus its insurer could not be so named. There are two relevant statutory exemptions which must be reviewed to resolve this issue.

OCGA § 46-1-1 (7) (C) (x) provides an exemption from the definition of "motor contract carrier" as contained in OCGA § 46-1-1 (7), by those engaged exclusively in the transportation of agricultural products, *including livestock*, between farm and market "*so long as the title remains in the producer.*" (Emphasis supplied.) In the present case, Brown transported livestock which it had purchased from the producer at auction. Therefore, the conditional exemption provided specifically for livestock haulers in division (x) was not available to Liberty herein. This fact is undisputed, and Liberty makes no contention that the specific "livestock" exemption provided by division (x) has any application in this case as the condition for exemption has

---

[1] Several defendants are involved in the underlying cases; however, they are not involved in this appeal.

not been met (title remaining in the producer).

Liberty contends however that the second relevant exemption, OCGA § 46-1-1 (7) (C) (xi), that being for "unmanufactured agricultural products," applies in this case and that Brown is exempt from the definition of "motor contract carrier" and Liberty, as Brown's insurer, cannot be a named defendant in the tort action against its insured. Liberty contends that if you borrow the definition of "agricultural products" from division (x), then the term "unmanufactured agricultural products" used in division (xi) must include all agricultural products which are not manufactured. Livestock, not being manufactured, must therefore be included in the exemption provided by division (xi), notwithstanding the fact that "livestock" is not specified therein. The trial court erred in accepting this contention and in granting summary judgment to Liberty.

Liberty's contentions are fatally flawed. Initially, we note the obvious, that had the legislature intended livestock to be included, they would have specifically listed it within the terms of the exemption as they did in division (x). Furthermore, "[a] statute shall be construed so as to give full force and effect to all of its provisions and so as to reconcile any apparent conflicts." (Punctuation omitted.) *Dept. of Transp. v. Bishop*, 216 Ga. App. 57, 58 (453 SE2d 478) (1994).

Division (x) contains specific restrictions which must be met by carriers of livestock in order to qualify for the exemption. These restrictions are not contained in the exemption provided in division (xi). If livestock was included within the term "unmanufactured agricultural products" under division (xi), the restrictions of division (x) would be rendered meaningless, which is contrary to the rules of statutory construction. See *Bishop*, supra at 58.

Our interpretation is also consistent with the legislative history of this division in that, in 1986, the legislature amended division (xi) to substitute the term "unmanufactured agricultural products" for the long list of fruits and vegetables, i.e., "cucumbers, tomatoes, beans, green corn, cabbage, peas, potatoes, cantaloupes, watermelons, okra, and green peppers," then contained in said division. See Ga. L. 1986, pp. 1284-1286, 1296.

Further, the legislature specially defined "agricultural products" for use in division (x) because it intended its definition in that division to differ from the common usage of those terms. The New Webster Encyclopedic Dictionary 663 (1971) defines the word product as "[a] thing which is produced by nature, as fruit, grain, or vegetables; that which is yielded by the soil; that which is produced by labor or mental application." This common usage definition does not include livestock within its meaning.

OCGA § 46-1-1 (7) (C) (x) specifically limits the use of the definition contained therein by stating: "[a]s *used in this division*, the term

'agricultural products' includes fruit, livestock, meats, fertilizer, wood, lumber, cotton, and naval stores; household goods and supplies transported to farms for farm purposes; or other usual farm and dairy supplies." (Emphasis supplied.) The New Webster Encyclopedic Dictionary 256 (1971) defined the word division in applicable part as "a distinct segment or section; a part or distinct portion; a certain section or portion of an organized whole." Based on this definition, we find that the "division" referred to in OCGA § 46-1-1 (7) (C) (x) is the paragraph separated from the whole by the designation (x).

It is clear that the definition of "agricultural products" contained in OCGA § 46-1-1 (7) (C) (x) was not intended to be used to help define "unmanufactured agricultural products" in OCGA § 46-1-1 (7) (C) (xi).

Brown does not fall within the exemptions from definition as a motor contract carrier, and its insurer is subject to the provisions of the direct action statute. See OCGA § 46-7-58 (e). Therefore, the trial court erred in granting Liberty's motion for summary judgment on this issue.

*Judgments reversed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 21, 1996.

*Chambers, Chambers & Chambers, John W. Chambers, Sr., Timothy D. Chambers*, for appellants.

*Swift, Currie, McGhee & Hiers, James B. Hiers, Jr., John W. Campbell, Alembik, Fine & Callner, G. Michael Banick, Heidi K. Martin*, for appellee.