A96A1357. CANAL INSURANCE COMPANY v. FARMER et al.
(474 SE2d 732)

ANDREWS, Judge.

We granted Canal Insurance Company's interlocutory appeal to determine whether or not the trial court erred in denying its motion for summary judgment. We conclude that it did and reverse.

This case arose out of an accident involving a pickup truck in which Gary Farmer was a passenger, and a tractor-trailer owned by J. L. Garnett, Inc. Garnett's tractor-trailer was insured at the time by Canal Insurance Company. Farmer and his wife sued the driver of the tractor-trailer, Garnett, and Canal Insurance Company.

Canal argues that the Farmers cannot proceed directly against the insurance company because OCGA § 46-7-12 (e) allows a plaintiff to join the insurance company in the same action as the motor carrier only if the motor carrier has filed a security bond or an indemnity insurance policy in lieu of a bond with the Public Service Commission ("PSC"). It is undisputed that Garnett never filed for a certificate of public convenience and necessity with the PSC and never filed a bond or insurance policy in lieu of bond. It is also undisputed that Canal Insurance Company never filed a Form E certificate of insurance with the PSC.

The Farmers contend Canal Insurance Company knew Garnett was a non-exempt motor contract carrier under state law and yet deliberately refrained from filing a Form E certificate of insurance with the PSC. They argue that plaintiffs should not be deprived of their right to sue the insurance company directly when the insurance company intentionally failed to register the insurance policy with the PSC.

We recently decided this issue in *Southern Gen. Ins. Co. v. Waymond*, 221 Ga. App. 613 (472 SE2d 325) (1996). In that case, we held that, "[u]nder the unambiguous terms of the statute, as construed in *Glenn McClendon [Trucking Co. v. Williams*, 183 Ga. App. 508 (359 SE2d 351) (1987)], a plaintiff must prove that a policy was filed and approved by the PSC in order to maintain a direct action against the insurer of a motor contract carrier." *Waymond*, supra.

Therefore, in light of our holding in *Waymond*, we conclude that the Farmers cannot maintain a direct action against Canal Insurance Company because the insurance policy issued to Garnett was never filed or approved by the PSC. Accordingly, the trial court erred in denying Canal Insurance Company's motion for summary judgment.

*Judgment reversed. Smith, J., concurs. Pope, P. J., concurs specially.*

POPE, Presiding Judge, concurring specially.

I concur specially to express my concern over the inequities which arise under the present statutory scheme for allowing a direct action against the insurer under OCGA § 46-7-12. In the instant case, there was evidence that Canal Insurance Company knew, or should have known, that Garnett was a non-exempt motor contract carrier under state law, and yet deliberately refrained from filing a

Form E certificate of insurance with the Public Service Commission. Given this situation, the law *should* be that the motion for summary judgment was properly denied. Nevertheless, as the statute presently exists, the majority's conclusion — that summary judgment should have been granted — is correct.

Canal certainly should have known that Garnett was subject to motor contract carrier registration. OCGA § 46-7-12 (e) provides: "It shall be permissible under this article for any person having a cause of action arising under this article in tort or contract to join in the same action the motor carrier and its surety, in the event a bond is given. If a policy of indemnity insurance is given in lieu of bond, it shall be permissible to join the motor carrier and the insurance carrier in the same action, whether arising in tort or contract." Although subsection (e) does not specify *who* is to file the proof of insurance certificate, subsection (c) provides: "[t]he commission may, in its discretion, allow *the holder of such certificate . . .* to file, in lieu of such bond, a policy of indemnity insurance. . . ." (Emphasis supplied.) See also OCGA §§ 46-7-53 (a); 46-7-58 (c). Accordingly, "[o]nly when such a bond or policy of indemnity insurance has been given *by the motor carrier* may a direct action be brought against the motor carrier's insurer. . . ." (Emphasis supplied.) *Southern Gen. Ins. Co. v. Waymond*, 221 Ga. App. 613, 614 (472 SE2d 325) (1996). An essential element of the plaintiff's claim under OCGA § 46-7-12 is to show that the carrier fulfilled this obligation. See *Glenn McClendon Trucking Co. v. Williams*, 183 Ga. App. 508 (1) (359 SE2d 351) (1987).

That there is no statutory obligation imposed upon the insurer to file proof of the policy subverts the statute's purpose. "The purpose of permitting joinder of the Insurance Company in a claim against common carrier is to further the policy of the Motor Carrier Act, that is, to protect the public against injuries caused by the motor carrier's negligence." *Andrews v. Yellow Freight System*, 262 Ga. 476 (421 SE2d 712) (1992). Allowing Canal to escape liability works a disservice on the public.

Moreover, to impose the filing obligation on Garnett ignores the reality of the insurer and carrier relationship: the insurer maintains the copy of the policy, and the insurers are more aware of the filing requirements than many of the carriers. Canal's evasion here was not intended by the statute. This loophole should be remedied by the legislature.

DECIDED AUGUST 19, 1996 — ■

*Gray & Gilliland, T. Cullen Gilliland, McNatt, Greene & Thompson, Hugh B. McNatt*, for appellant.

*Terry Leiden*, for appellees.