A96A2021. SMITH et al. v. SOUTHERN GENERAL INSURANCE COMPANY.
(474 SE2d 745)

ELDRIDGE, Judge.

On August 26, 1994, Dennis Edison, the father of the appellants, was involved in a fatal collision with a tractor-trailer owned and operated in the collision by Tony Frank Smith in Laurens County. The tractor-trailer was insured under a commercial motor vehicle lia-

bility policy issued by Southern General Insurance Company. Smith was an independent contractor hauling logs from the woods to the mill under contract with the timber producer and was working in such capacity at the time of the occurrence, carrying a load of logs. The policy of insurance covering this occurrence had not been approved by the Georgia Public Service Commission (PSC) nor had it even been submitted for approval.

Appellant did not sue the owner-driver of the vehicle and sued only appellee under a direct action under OCGA § 46-7-12 (e) in the State Court of Cobb County. Smith was a resident of Mount Vernon, Georgia. Appellee in its answer raised the issue that it did not come within OCGA § 46-7-12 and after giving notice filed its motion for summary judgment. The trial court granted the appellee's motion for summary judgment on the grounds that Smith was an exempt carrier of forest products and that the insurer did not come within OCGA § 46-7-12 because the insured was exempt from regulation by the PSC.

1. By the express language of Ga. L. 1931, p. 199, § 7; Ga. L. 1937, p. 730, § 2; Ga. L. 1996, p. 950, § 3, OCGA § 46-7-12 (e) states: "If a policy of indemnity insurance is given in lieu of bond, it shall be permissible to join the motor carrier and the insurance carrier in the same action, whether arising in tort or contract." This provision is in derogation of common law and must be strictly construed against the party seeking to invoke it. *Nat. Indem. Co. v. Tatum*, 193 Ga. App. 698, 700 (388 SE2d 896) (1989); see *Glenn McClendon Trucking Co. v. Williams*, 183 Ga. App. 508, 509 (359 SE2d 351) (1987); *Seaboard Air-Line R. v. Bishop*, 132 Ga. 71, 85 (63 SE 1103) (1909); *Haralson v. Speer*, 1 Ga. App. 573, 575 (58 SE 142) (1907).

2. In Ga. L. 1931, Ex. Sess., pp. 99, 101, § 2 and then in Ga. L. 1939, p. 207, § 1, the General Assembly expressly exempted forest products and logs being transported from the forest to the mill from the jurisdiction of the PSC and its regulation; in Ga. L. 1980, p. 479, § 1, the General Assembly re-enacted such exemption, as well as in Ga. L. 1984, p. 1394, § 1; Ga. L. 1986, p. 1283, § 1; Ga. L. 1990, p. 709, §§ 1, 2; Ga. L. 1993, p. 579, § 1 (OCGA § 46-1-1 (9) (C) (x)). By such express exemption from the jurisdiction of the PSC, timber haulers were removed from the effect of OCGA § 46-7-12.

3. The evidence is not in dispute that at the time of the occurrence the insured was acting as a timber hauler which placed his insurer, appellee, outside the ambit of OCGA § 46-7-12 so that no direct action could be maintained against appellee under Georgia law. Unless the vehicle comes within the definition of either a common carrier or contract carrier and has no exemption, there can be no direct action against the insurer. See *Nat. Union Fire Ins. Co. v. Sorrow*, 202 Ga. App. 517 (414 SE2d 731) (1992); see also *Nat. Indem.*

*Co.*, supra at 700. Therefore, as a matter of law the insurer was entitled to summary judgment.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED AUGUST 21, 1996 —

*Jason T. Schneider*, for appellants.

*Newton, Smith, Durden, Kaufold & Rice, Wilson R. Smith*, for appellee.