## A98A0111. CAUDILL v. STRICKLAND et al.
(498 SE2d 81)

Judge Harold R. Banke.

Claude Caudill instituted an action for personal injuries allegedly sustained in a collision in Georgia involving an interstate motor common carrier. Caudill sued Kenny Strickland, the truck driver, New Hi-Way Express, Inc. ("New Hi-Way"), the motor carrier, and Vanliner Insurance Company ("Vanliner"), New Hi-Way's insurer. Enumerating two errors, Caudill challenges the summary judgment awarded to Vanliner.

Vanliner asserted that it could not be joined as a defendant in Caudill's action against Strickland and its insured, New Hi-Way. At the time of the accident, New Hi-Way was a motor common carrier engaged solely in interstate transportation. The trial court agreed with Vanliner's position. *Held*:

1. Caudill contends that the trial court erred in finding that he could not maintain a direct action against Vanliner. We disagree. The joinder of a defendant's insurer in a tort action has long been disfavored in this state. *Arnold v. Walton*, 205 Ga. 606, 612-613 (2) (54 SE2d 424) (1949). " 'The general rule is that because there is no privity of contract, a party may not bring a direct action against the liability insurer of the party who allegedly caused the damage *unless* there is an unsatisfied judgment against the insured *or it is specifically permitted either by statute or a provision in the policy*. (Cit.)' (Emphasis supplied.) [Cit.]" *Bacon v. Liberty Mut. Ins. Co.*, 198 Ga. App. 436 (401 SE2d 625) (1991). See *Smith v. Govt. Employees Ins. Co.*, 179 Ga. App. 654 (1) (347 SE2d 245) (1986). The rationale for the prohibition of direct actions against insurers is that the injured party is not in privity of contract with the insurer and may not maintain a direct action on the contract for payment of a claim unless a judgment obtained against the insured under the liability policy remains unsatisfied. Jenkins & Miller, Ga. Auto. Ins. Law (1997 ed.), § 6-1.

It is undisputed that Caudill sought to join Vanliner as a defendant not under the terms of New Hi-Way's insurance contract or having obtained a judgment, but solely under Georgia's direct action statute, OCGA § 46-7-12 (e). Under this law, an injured plaintiff may join an insurer in an action against a motor carrier "[o]nly when such a bond or policy of indemnity insurance has been given by the motor carrier . . . [to the Public Service Commission]." *Southern Gen. Ins. Co. v. Waymond*, 221 Ga. App. 613, 614 (472 SE2d 325) (1996). See OCGA § 46-7-12 (e); *Glenn McClendon Trucking Co. v. Williams*, 183 Ga. App. 508, 510 (1) (359 SE2d 351) (1987) (unless the injured party shows by evidence that the direct action statute applies, an insurer may not be joined as a party defendant with its insured).

Here, the uncontroverted evidence showed that since January 1,

1994, New Hi-Way had not obtained a certificate of convenience from the PSC, registered with the PSC, or filed a surety bond or indemnity insurance with the PSC. Therefore, because no insurance policy issued to New Hi-Way was ever filed with or approved by the PSC, Caudill could not invoke the direct action statute to join Vanliner as a defendant. *Canal Ins. Co. v. Farmer*, 222 Ga. App. 539, 540 (474 SE2d 732) (1996); *Waymond*, 221 Ga. App. at 616.

Notwithstanding Caudill's claim to the contrary, the federal Motor Carrier Transportation Act ("Act") neither requires nor authorizes a different outcome. Under this Act, a motor carrier must register annually with only one state.[1] 49 USC § 14504 (c) (1) (A). It is undisputed that New Hi-Way registered only in Arkansas as an interstate motor common carrier under the federal rules. According to the Act, "such single State registration shall be deemed to satisfy the registration requirements of all other States." 49 USC § 14504 (c) (1) (C). The Act further provides that "only a State acting in its capacity as registration State under such single State system may require a motor carrier registered by the Secretary under this part . . . to file satisfactory proof of required insurance or qualification as a self-insurer." 49 USC § 14504 (c) (2) (A) (ii). Caudill's argument that he should be permitted to substitute New Hi-Way's Arkansas registration for the requisite filings with the Georgia PSC is unpersuasive. The Georgia direct action statute is in derogation of the common law and its terms require strict compliance. *Waymond*, 221 Ga. App. at 614; *Nat. Indem. Co. v. Tatum*, 193 Ga. App. 698, 700 (388 SE2d 896) (1989). To alter the statute's express requirements would necessitate legislative action. To hold otherwise would mean that all insurers of interstate carriers who registered in other states under federal law could be joined in direct actions in Georgia.

Further, Caudill's preemption argument is without merit. It is apparent from reading the two statutes that the federal Act governs registration, safety concerns, and insurance requirements; whereas, the state subsection at issue pertains only to joinder. Moreover, assuming for the sake of argument only that the underlying requirements of the Georgia direct action statute have been preempted by the Act's provisions mandating annual registration with only one state, and apparently precluding states from requiring filings of proof of insurance, then Caudill cannot avail himself of OCGA § 46-7-12 (e)'s exception to the general rule foreclosing direct actions against a tortfeasor's insurer.

It is apparent that Caudill cannot reach Vanliner at common law

---

[1] Under the single state registration system, "a motor carrier is required to register annually with only one State by providing evidence of its Federal registration under chapter 139." 49 USC § 14504 (c) (1) (A).

and has neither a judgment nor privity of contract with Vanliner. See *Bacon*, 198 Ga. App. at 436. See *Colonial Penn Ins. Co. v. Hart*, 162 Ga. App. 333, 338 (6) (291 SE2d 410) (1982). In the absence of any valid legal basis for Caudill's direct action against Vanliner, summary judgment was not improper. *Precise v. City of Rossville*, 261 Ga. 210, 211 (3) (403 SE2d 47) (1991) (summary judgment right for any reason will be affirmed).

2. We reject Caudill's contention that a material issue of fact precluded summary judgment. He claims that the uncontroverted testimony that New Hi-Way was not registered with or filed proof of insurance with the PSC after January 1, 1994, did not foreclose the possibility that prior to that date, New Hi-Way may have obtained a certificate of convenience or filed proof of a surety bond or indemnity insurance with the PSC. Inasmuch as the alleged accident occurred on November 14, 1994, during the pertinent time testified to, whether New Hi-Way had previously made a filing with the PSC would not be material to a determination that no filing with the PSC was in existence at the time of the accident.

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 18, 1998.

*Gambrell & Stolz, Alvin T. Wong*, for appellant.

*Dennis, Corry, Porter & Gray, Robert E. Corry, Jr., J. Steven Fisher*, for appellees.